The Illinois Central Railroad Company, Appellant, *v.* Cornelius Taylor, Appellee.

### APPEAL FROM JO DAVIESS.

A wife can be a witness in all cases, where her husband may.
A party may prove by himself or wife the contents of lost baggage, but not its value.

This was an action, brought by Taylor, against the railroad company, to recover the value of a trunk and its contents, lost between Chicago and Galena, the wife of the plaintiff being a passenger, between those places, over the road of appellant.

There was a motion to suppress the deposition of Catherine Taylor, because she was the wife of the plaintiff; because she was interested in the suit; and because it did not appear that there was no disinterested witness by whom the value of the trunk and contents could be shown.

The motion was overruled, and exception taken. The deposition proved the articles lost, and their value.

The jury found a verdict for plaintiff, for $244.93. Defendant moved for a new trial. Plaintiff remitted $31.50. Motion for a new trial overruled, and exception taken.

The errors assigned are, the overruling the motion to suppress the deposition of Catherine Taylor; in admitting improper evidence on the part of the plaintiff below; and in overruling motion for a new trial.

B. C. Cook, for Appellant.

Leland & Leland, and M. Y. Johnson, for Appellee.

Breese, J.    We think the general rule is, that a wife can be a witness in all cases in which her husband could be a witness. In this case, the husband would have been a proper witness to prove the contents of the lost trunk, but not, as we have said in *Davis* v. *Michigan Southern and Northern Indiana R. R. Co.*, 22 Ill. R. 278, to prove the value of the articles, if that could be proved by other testimony, or the value of the trunk.   The rule, that the owner of a lost trunk or any such article, shall be allowed to prove its contents, results from the necessity of the case, but must not be carried beyond that necessity.

As we said in the case in 22 Ill. R., where the value of the articles can be proved by other evidence, that of the party interested cannot be received for such purpose.   Articles can be described, their quality, style, and all particulars pertaining to them, and when described, dealers in such articles can, from the description, place the value upon them, so that there is no necessity for the testimony on this point of the interested party. For this reason, because the testimony of the interested party was received on the question of value, it not being shown there were no witnesses capable of proving the value, the judgment is reversed, and the cause remanded.

*Judgment reversed.*