CATHARINE FREEMAN *et al.*

*v.*

JAMES FREEMAN.

62  189
34a 633

1. WITNESS—*competency.* On the trial of a claim against the administrator of an estate, the husband of an heir-at-law of the deceased, as well as the wife, is a competent witness when called by the administrator to prove conversations and transactions between the claimant and the intestate which are relevant to the issue.

2. When a witness, in behalf of the representatives of a deceased party, is allowed to testify to conversations and transactions between the deceased and one prosecuting a claim against the estate, the claimant also will be allowed to testify in respect to the same conversations or transactions.

APPEAL from the Circuit Court of Kane County; the Hon. SILVANUS WILCOX, Judge, presiding.

Messrs. BOTSFORD, BARRY & HEALY, for the appellants.

Mr. J. W. RANSTEAD, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a claim filed in the county court of Kane County against the estate of Patrick Freeman, deceased, by the appellee, his son, for services rendered by the latter to the intestate, as a laborer on his farm since appellee attained his majority.

The claimant appealed from the decision of the county court to the circuit court, where a trial was had, which resulted in a verdict and judgment in his favor.

On the trial below, the defendants introduced John Mann as a witness, and offered to prove by him certain conversations and transactions between the claimant and his father, the intestate, which would have been material evidence in the case, but the court rejected the evidence, on the ground that the wife of the witness was the daughter of the intestate.

It is claimed that the witness was interested in the event of the suit, his wife being an heir and distributee, and being offered to prove facts occurring before the death of Patrick Freeman, he was an incompetent witness under the second section of the Act of February 19, 1867 (Gross' St. 286), abolishing the disqualification of a witness by reason of interest, which section provides that, "No party to any civil action, suit, or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein of his own motion or in his own behalf, by virtue of the foregoing section, when any adverse party sues or defends, as the trustee or conservator of any idiot, lunatic, or distracted person, or as the executor, administrator, heir, legatee, or devisee of any deceased person," etc. But this is not a case which comes within that section. The case there provided for is where the adverse party sues or defends as administrator, etc.; but here, the adverse party, against whom the witness is called, sues in no representative capacity, but in his own right, and the witness was called for, not against, a party defending in the capacity

of administrator. The objection to the witness on the score of interest was removed by the first section of the act. Had the witness testified to any conversation or transaction with the claimant, the appellee, then, under the second excepted case under section two, the appellee would have been permitted also to testify to the same conversation or transaction.

It is further urged that the wife of the witness having a direct interest in the event of the suit, was incompetent herself, and the husband was not admissible as a witness under the familiar rule, that where the husband or wife is not a party to the record, but yet has an interest directly involved in the suit, and is therefore incompetent to testify, the other is also incompetent. But, as above shown, the wife herself, of the witness, would have been competent to testify; and we have held the general rule to be, that a wife can be a witness in all cases in which her husband could be a witness. *Ill. Cent. R. R. Co.* v. *Taylor*, 24 Ill. 323, and so, *vice versa*. We think there was error in the rejection of this testimony, for which the judgment must be reversed, and the cause remanded.

*Judgment reversed.*