JAMES BYERS, JR.

*v.*

JOSEPH THOMPSON.

66  421
31a 347

66  421
34a 633

66  421
137 407

66  421
155 332

66  421
89a ⁴520

66  421
193 ³311

66  421
106a ⁴267

1. WITNESS—*competency.* On the trial of a claim by a son against the estate of his deceased father, the administrator offered two other sons of the deceased, who were co-heirs with the claimant, as witnesses, but the court below refused to allow them to testify: *Held*, that the court erred, as they were competent witnesses under the act of 1867.

2. STATUTE—*construed—witness' competency.* The design of the eighth section of the act of 1867, relating to the competency of witnesses, which provides that nothing in that act should affect the laws existing relating to the settlement of estates, was to continue in force the law allowing claimants to prove their demands by their own oath, where the administrator does not object, and allowing the right to object and require proof.

3. INSTRUCTION—*should not leave law question to jury.* On the trial of a claim by a son against his father's estate, the court, at the instance of the plaintiff, instructed the jury, that if they believed from the evidence that plaintiff did certain work on the farm of deceased for which he had not been paid or compensated, "and that he is lawfully entitled to recover therefor," then they should find for him: *Held* erroneous, as submitting a question of law to the jury.

4. PARENT AND CHILD—*liability of father for work by adult son.* Where a son placed a house on his father's premises, in the lifetime of the latter, it was held, in a suit by the son to recover for the same of his father's estate, that the son's right to recover depended upon whether he expected pay therefor at the time he placed the house on the farm, and the father expected to pay; and that this must be determined from all the evidence in the case. An express contract to pay need not be shown.

APPEAL from the Circuit Court of De Kalb county; the Hon. THEO. D. MURPHY, Judge, presiding.

. The circuit court, on the trial of this cause, instructed the jury that if they believed from the evidence that plaintiff did certain work on the farm of the deceased, for which he had not been paid or compensated, and that he is lawfully entitled to recover therefor, then the jury should find for the plaintiff. .

Mr. CHARLES KELLUM, for the appellant.

Messrs. DIVINE & PRATT, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellee filed a claim in the county court of De Kalb county, against the estate of his father, who was deceased. On the 25th day of November, 1870, a trial was had by the court and a jury, when a verdict was found for appellee for $700, and the same was allowed as a fourth class debt against the estate. The administrator prosecuted an appeal to the circuit court, where there was a trial resulting in a verdict for $800, and an order for its allowance was entered, and the administrator has brought the record to this court on appeal.

On the trial in the court below appellant offered Augustus and Edward Thompson as witnesses, but, on being objected to by appellee on the ground that they were his brothers, and co-heirs to their father's estate, and therefore incompetent, the objection was sustained by the court, and they were not permitted to testify. It is urged that as such heirs they are incompetent under the eighth section of the act of 1867 in reference to the competency of witnesses. In the case of *Freeman* v. *Freeman*, 62 Ill. 189, it was held that under that act, the husband of the heir of a deceased person was a competent witness on the trial of a claim against her father's estate. It was also said in that case that the wife and heir would be competent in such a case. Now, the first section of

that act declares that no person shall be disqualified as a witness on account of his or her interest in the event of the suit, etc. And the eighth section declares that nothing in the act should affect the laws existing relating to the settlement of estates, etc. When we turn to the statute on that subject we find that a claimant against an estate might prove his claim by his own oath, unless objected to by the administrator or executor.

The design of this clause in the eighth section of the act was still to permit the representative of deceased to object to the claimant's swearing to his claim if he thought proper, or to authorize the claimant to do so when objection was not made. This, we think, is the scope intended to be given to this provision.

The instruction given for plaintiff below was erroneous in leaving the question to the jury to say whether appellee was lawfully entitled to recover. It is for the court to give the law to the jury and for the jury to find the facts. Such an instruction gives the jury too wide a latitude, and should not be given. As to the placing of the house on his father's premises by appellee, the liability of the estate to pay for the same would depend on the agreement, express or implied. Like any other work done or property furnished, whether there was a liability for payment would depend upon whether appellee, at the time he placed the house upon the farm, expected to get pay and the father expected to pay for the same. And that must be determined from all the evidence in the case. We know of no rule of law, nor have we been referred to any, which would require proof of an express order from the father to place the house on the farm, or an express agreement to pay for the same, to render the estate liable. In such a case, if the evidence warrants it, there may be, as in other cases, an implied promise to pay. If appellee, simply as a matter of interest or convenience to himself, and without any intention of charging his father for the same, placed the house on the farm, then no liability could arise, nor could a

change of purpose on his part afterwards create any liability of the father in his lifetime, or his estate ·after his death. The court did not therefore err in refusing to give appellant's instruction.

But for the errors indicated the judgment of the court below is reversed·and the cause remanded.

*Judgment reversed.*