FREDERICK REMANN, JR. Exr.

*v.*

JOHN H. BUCKMASTER *et al.*

| 85   403
|126   516

1. MORTGAGE—*priority by inducing satisfaction of prior one.* Where a party, in taking a second mortgage on land from one who, as administrator of the prior mortgagee's estate, held two of the notes secured by the first mortgage given to his intestate, induced the administrator, who had bought the land, to enter satisfaction of the prior mortgage, in order to secure a loan to himself, it was *held,* that the satisfaction thus entered without payment could not be made, so as to give the junior mortgage the priority.

2. WITNESS—*competency.* The restriction, in the statute making all persons competent witnesses, that no party to any civil action, or person directly interested in the event thereof, shall be permitted to testify therein of his own motion, or in his own behalf, where the adverse party sues or defends as an executor, administrator, etc., does not apply where the witness does not testify on his own motion, or in his own behalf.

3. Where a junior mortgage was sought to be foreclosed by the administrator of the mortgagee, and a cross-bill was filed by the administrator of the prior mortgagee to foreclose his mortgage, it was *held,* that a prior administrator of the first mortgagee, who had given the second mortgage, and had entered satisfaction of the first mortgage, and who was made a defendant in both bills, was a competent witness in favor of the administrator of the first mortgagee, and against the administrator of the second mortgagee, to prove notice of the prior mortgage and the facts attending the satisfaction of the same.

WRIT OF ERROR to the Circuit Court of Fayette county; the Hon. H. M. VANDEVEER, Judge, presiding.

Mr. J. P. VAN DORSTON, and Mr. A. J. GALLAGHER, for the plaintiff in error.

Messrs. HENRY & FOUKE, for the defendants in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The original bill in this case was to foreclose a mortgage made by John H. Buckmaster to Frederick Remann, since deceased. It was made on the 6th day of May, 1872, was regularly acknowledged, and was recorded in the proper office

in the county where the lands described are situated.   Among
others. Richard H. Gray, administrator of the estate of Joseph
Hall, deceased, was made defendant to the bill, and after filing his
answer, filed a cross-bill, making Buckmaster and his wife and
complainant in the original bill, defendants, in which it was
alleged that, in May, 1868, Hall, since deceased, sold the lands
covered by complainant's mortgage, to Buckmaster, and, to se-
cure the purchase money, took of him six promissory notes se-
cured by mortgage on the premises.   When Remann's mortgage
was made, the last two notes of the series were not due, and had
not then been paid, of which fact he not only had constructive
notice from the record. (the mortgage having been recorded) but
he had actual notice.   Hall died in 1869, and Buckmaster became
administrator of his estate.   The notes he had given decedent
for the lands then came to his hands as such administrator.
As fast as the notes became due, he accounted for them to the
estate.   On the 17th day of September, 1873, Buckmaster
resigned as administrator of the estate of Hall, and delivered
over to Gray, his successor, all the papers belonging to the
estate—among others, the two unpaid notes, being the last of
the series, each for $250, given for the purchase money of the
land covered by both mortgages.   Before he resigned, Buck-
master released of record the Hall mortgage that secured the
notes given for the land, although the last two had not then,
nor have they since been paid.

There is no controversy the Hall mortgage is the prior
mortgage, and constitutes the prior lien, unless the release
made May 21, 1872, shall be held to have postponed it in favor
of the Remann mortgage sought to be foreclosed by the original
bill.   That, we think can not be done.   As a matter of fact,
the Hall mortgage had not been released when Remann took
a second mortgage from Buckmaster on the same property.
The last two notes described were not then due, according to
the description given in the mortgage.   Of course, the second
mortgagee was chargeable with everything that appeared on the
record in regard to the title of the property.   It was not for
some days after the second mortgage was taken that Buck-

master released the Hall mortgage, so that Remann was not misled by anything that appeared on the record.

Buckmaster was called as a witness by complainant in the cross-bill, and testified to the facts appearing on the record, and, also, that he told Remann, before making the mortgage to him, the last two notes described in the Hall mortgage had not been paid, and that Remann said he would not let him (Buckmaster) have the money secured by the second mortgage, unless he, as administrator, would release the Hall mortgage, which he agreed to do, and afterwards did do. It is said it was error to admit this testimony, because Buckmaster was not a competent witness, under the statute, in a suit where the administrator of Remann was a party. We do not so understand the statute. The restriction is, that no party to any civil action, or person directly interested in the event thereof, shall be permitted to testify therein, of his own motion or in his own behalf, by virtue of that section of the statute which removes all disabilities, where the adverse party sues or defends in certain representative capacities— among others, as executor or administrator. But that is not this case. Here, the witness did not testify on his "own motion," nor in "his own behalf." His interest in the subject matter of litigation was equally balanced. He was a co-defendant to the cross-bill with the original complainant, who is the administrator of Remann's estate, and was called to testify in behalf of complainant in the cross-bill. As we understand it, he is not rendered incompetent by any provisions of the statute. Whether the other witnesses were incompetent or not, is a matter of no consequence. They testified to nothing of importance in addition to what appeared of record, or that had not been proven by other testimony to which no objection could be sustained.

Having both constructive and actual notice a portion of the indebtedness secured by the Hall mortgage had not been paid, Remann acquired no superior equities, under his mortgage, that can or ought to prevail. His was, in fact, the junior mortgage, and he could obtain no prior rights by inducing

Buckmaster to enter satisfaction of the prior mortgage without payment of the indebtedness secured. That was not done, and the decree is right and must be affirmed.

*Decree affirmed.*