## GREEN C. PATTERSON, ADMINISTRATOR,

### v.

## NANCY COLLAR.

*Administration—Competency of Heir as Witness.*

An heir is a competent witness on the trial of a claim against an estate in which he is interested.

[Opinion filed June 13, 1890.]

IN ERROR to the Circuit Court of St. Clair County; the Hon. B. H. CANBY, Judge, presiding.

Messrs. DILL & SCHAEFER and E. L. THOMAS, for plaintiff in error.

Cleiman v. Murphy.

Mr. J. M. HAMILL, for defendant in error.

PHILLIPS, J.   This case was before this court at the August term, A. D. 1888, as Green C. Patterson, Adm'r, etc., appellant, v. Nancy Collar, appellee, from the St. Clair Circuit Court.   The only question now presented that was not before us and considered in that case is as to the competency of certain witnesses for appellee.   It is insisted that on the trial of this case the court erred in admitting testimony of Horace W. Eyman, who was an heir of Wm. McClintock, deceased, intestate, for whose estate defendant in error was administrator.   It was said in Freeman v. Freeman, 62 Ill. 189, that an heir was a competent witness on the trial of a claim against an estate in which he was interested.   To the same effect is Byers, Jr., v. Thompson, 66 Ill. 421.   Green C. Patterson was also objected to as a witness; he stated he was not an heir but his wife was one.   By the case of Freeman v. Freeman, *supra*, it was held in such case the husband was a competent witness.   There was no error in holding Eyman and Patterson competent witnesses.   The other questions presented by this record were decided by us when this case was before us at the August term, 1888, and on these questions we adhere to what was then said by the court.   The judgment is affirmed.

*Judgment affirmed.*