Robnett v. Robnett.

JAMES M. ROBNETT ET AL.

v.

SALLY A. ROBNETT.

*Administration—Claim of Daughter—Witnesses—Subdivision 4, Sec. 1, Chap. 39, R. S.—Sec. 5, Chap. 51, R. S.—Presentation of Claim—Costs.*

1.  In a controversy involving a claim by a child against his father's estate for services rendered for the father at his request, the fact that the mother of such claimant is administratrix of her husband's estate, will not prevent her from testifying in his behalf, nor will the relation to the estate of such administratrix by way of her interest under the statute regarding descents, prevent her being called as a witness in such case.

2. A mother may in such case testify that at her deceased husband's request she wrote a letter to a child of age and earning his living at a distance, asking him to return home and remain. She acts in such case as agent of her husband in view of Sec. 5, Chap. 51, R. S., but she will not be allowed to testify as to labor performed, money advanced and the like.

3. Where in such case such child returns and takes part in the labor incident to home life, although there is no express agreement for compensation, an intention to compensate will be implied.

4. While a claimant who does not file his claim in the County Court on the day of adjustment may be liable for costs, this does not follow upon appeal from judgment for the claimant to the Circuit Court as to the costs therein.

5. Although the claimant in such case is not competent as a witness in chief, he is competent to testify in rebuttal to conversations and transactions testified to by other witnesses called by the opposite party.

[Opinion filed February 26, 1892.]

APPEAL from the Circuit Court of Marion County; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. H. C. GOODNOW and CASEY & DWIGHT, for appellants.

In support of this claim appellee offered in the court below the evidence of Mrs. E. C. F. Robnett, widow of deceased, and administratrix of the estate, who testified that her husband, then sick, told her to write for appellee to come home, which was done, and appellee returned home.

We insist the widow was not a competent witness, and it was error to permit her to testify. Reeves v. Herr, 59 Ill. 81; Trepp v. Baker, 78 Ill. 146.

And the intestate simply telling his wife to write for appellee to come home, did not create an agency out of which could grow the contract relied upon by appellee. Trepp v. Baker, 78 Ill. 146.

Where services are rendered within the family, there can be no recovery against the head of such family unless it be shown either that there was an express promise to pay, or that the services were rendered under the expectation of receiving pay therefor on the one side, and under the expectation of paying therefor on the other side. Myers v. Malcom,

20 Ill. 621; Freeman v. Freeman, 65 Ill. 106; Miller v. Miller, 16 Ill. 296; Morton v. Rainey, 82 Ill. 215; Guffin v. National Bank, 74 Ill. 259; Dunlap v. Allen, 90 Ill. 108; Ginders v. Ginders, 21 Ill. App. 522; Patterson v. Collar, 31 Ill. App. 340.

A son or daughter of a parent residing with the parent, does not cease to be a member of the family when they respectively arrive at the age of twenty-one or eighteen, from that fact alone. C. & N. W. Ry. Co. v. Chisholm, Jr., 79 Ill. 584.

If a child remains with a parent after majority in the same apparent situation as when a minor, in the absence of a contract, no recovery can be had for services rendered. Miller v. Miller, 16 Ill. 296; Morton v. Rainey, 82 Ill. 215; Cooper v. Cooper, 3 Ill. App. 495.

In such cases the presumption arises that the parties did not contemplate the payment of wages for the services rendered. Freeman v. Freeman, 65 Ill. 106; Cooper v. Cooper, 12 Ill. 478.

A step-father will not be held to pay for the services of a minor step-son who lives in the family as a member of it, when the relation of parent and child exists, unless an express promise to pay for the services can be shown. Brush v. Blanchard, 18 Ill. 46.

Where a child lives with a parent, or a parent with the child, the relationship between the parties is so intimate, that the law does not imply a contract to pay money for support or services; unless it be shown that there is an express contract to pay for such support and services, a recovery therefor can not be had by one of the parties against the other. In the absence of an express agreement, the law indulges the generous presumption that what is done for each other by parties thus nearly related, is done gratuitously, and as the prompting of natural affection. Miller v. Miller, 16 Ill. 296; Brush v. Blanchard, 18 Ill. 46; Faloon v. McIntyre, 118 Ill. 292.

The heirs are competent witnesses for the estate in defense of this claim. Freeman v. Freeman, 62 Ill. 189; Byers v. Thompson, 66 Ill. 421.

The claimant is not a competent witness in her own behalf as to matters occurring before the death of her father.  Branger v. Lucy, 82 Ill. 91; Langley v. Dodsworth, 81 Ill. 86; Redden v. Inmann, 6 Ill. App. 55.

Delay in the presentation of a claim is to be considered. O'Connor v. O'Connor, 52 Ill. 316.

This claim not having been presented at the adjustment term and no good reason having been shown why it was not, the costs should have been adjudged against the claimant. Starr & C. Ill. Stats. 218, Sec. 63.

There being no written pleadings in the probating of claims, the statue of limitations is supposed to be pleaded; and if the administrator fails to do so, the heirs may.  McCoy v. Morrow, 18 Ill. 519.

Messrs. VAN HOOREBEKE & FORD and W. F. BUNDY, for appellee.

In Reeves v. Herr, 59 Ill. 81, the widow was called by the executor to prove a conversation of her husband's with the defendant touching the matter in controversy.  The court held her incompetent.  How could the court have held otherwise?         •

In Trepp v. Baker, 78 Ill. 146, it was sought to establish an agency in the wife by her testimony, because she was present with her husband when he purchased goods at a store and she helped select them.  The court very properly held this would not constitute her his agent, and the wife was not a competent witness.  But how different is this case.

In the case at bar she testified, not to conversations of her husband's, but to matters she knew *aliunde* of, except to matter of agency as already stated.

She was clearly competent in the case at bar under Sec. 2, Chap. 51, Starr & C. Ill. Stats.  She was directly interested, but she testified against that interest; nor did she testify of her own motion or in her own behalf, but was called as a witness by the adverse party.  Douglas v. Fullerton, 7 Ill. App. 102; Stewart v. Kirk, 69 Ill. 509; Remann, Ex., v. Buckmaster, 85 Ill. 403; Rann v. Rann, 95 Ill. 433; Griffin v. Griffin,

125 Ill. 430; Campbell v. Campbell, 130 Ill. 466; Powell v. Powell, 114 Ill. 329.

These authorities fully sustain her competency.

It is insisted appellee is barred from recovering because the claim was not presented on the adjustment day, etc., and costs should have been adjudged against appellee.

We fail to see the merit of this point. Sec. 60, Chap. 3, Starr & C. Ill. Stats., provides the mode and manner of adjustment of claims, and Sec. 61 provides for allowance of claims presented after adjustment.

The administratrix having entered her appearance in this case no summons was necessary. Sec. 63 provides for trial as though claim had been presented on adjustment day, and provides, "That when defense is made the court may, if it shall deem just, order the whole or some part of the costs occasioned by such defense to be paid out of the estate."

In the absence of proof the presumption is that the claim was presented for allowance in due time, and that the estate is liable for costs. Welch v. Wallace, 3 Gilm. 490; Granjang v. Merkle, 22 Ill. 249.

Phillips, P. J. A claim was filed by appellee against the estate of P. H. Robnett, deceased, for work, labor and services rendered during five years prior to his death. Appellee is a daughter of deceased. E. C. F. Robnett, the widow, is administratrix. A judgment was rendered against the estate in the County Court. An appeal was taken to the Circuit Court, when again appellee recovered a judgment. The plaintiff called as a witness the administratrix, who is the widow of deceased, who testified that several years prior to the death of P. H. Robnett, the appellee had been teaching school and living away from home, having left after she became of age, and some five or six years before the death of P. H. Robnett, he requested the witness to write and request appellee to come home, as she was needed at home, and in accordance with that request she wrote appellee, who came home and had since rendered service in the family most of the time. It is urged the administratrix, the widow of the deceased, is not a com-

petent witness to testify when called, for one who has presented a claim against the estate. So far as she occupies the position of administratrix, that relation of itself does not prevent her being a witness regardless of the party calling her. Steele v. Clark, 77 Ill. 471; Remann v. Buckmaster, 85 Ill. 403. Neither does her relation to the estate by way of the interest she has by Subdivision 4 of Sec. 1 of Chap. 39 R. S., entitled "Descents," prevent her being called as a witness. Freeman v. Freeman, 62 Ill. 189; Byers v. Thompson, 66 Ill. 421.

By the express provision of Sec. 5, Chap. 51, R. S., entitled "Evidence," she, as wife of the deceased, is made competent to testify "in all matters of business transactions, when the transaction was had and conducted by such married woman as the agent of her husband." If the husband was alive and suit brought against him for this claim by virtue of that section, the wife would be a competent witness whether called for or against him. His death would not disqualify her from being called as such witness under such circumstances when a claim is filed against the estate. She was a competent witness to testify that by the direction of her husband she had written a letter to the plaintiff requesting her to return home, that he needed her. Her act in making that request and its purpose was as agent of her husband. She would not be competent to testify to other facts in this case, as to labor performed, money advanced, and the like. It is further insisted that plaintiff's claim not having been presented on the day of adjustment, the costs should have been adjudged against her. The Circuit Court adjudged that the costs in the County Court should be paid by appellee, and that she should recover costs in the Circuit Court, to be paid in due course of administration. This was in conformity to the statute, and was not error. While the plaintiff who does not file her claim on the day of adjustment may be liable for costs in the County Court, it does not follow that costs of the Circuit Court should be taxed against her. It is further urged that the evidence does not make a case where appellee would be entitled to recover; that she was of age and away from home is shown, and that

the intestate requested her return as she was needed. It further appears that from her return home she was engaged in rendering service in various ways, that she took an active part in the household duties and the work on the farm, engaging in fruit raising and other work, and having stock on the farm. It is true there does not seem to have been any special agreement that she was to be paid for her services, but being of age and away from home to make her own living, and returning home under the request shown, and afterward rendering services, there was evidence to warrant a finding, there was an implied agreement to pay. As was said in Freeman v. Freeman, 66 Ill. 106, "After leaving, the presumption arises that he thenceforth intended to labor and accumulate property for himself, and when he returned at the solicitation of the father it is but a reasonable presumption the father intended to pay, and he to receive pay for his labor. * * * " In some respects the cases are alike and there is evidence to sustain the finding by the court that there was an implied promise to pay appellee for services so rendered. The appellee was offered as a witness in her own behalf in rebuttal and objected to as incompetent, and objection overruled, to which appellant excepted. While she is not competent as a witness in chief, yet she is competent to testify in rebuttal to conversations and transactions testified to by other witnesses called by appellants by Sec. 2 of the chapter entitled "Evidence and Depositions." She was a competent witness on these facts. Penn v. Oglesby, 89 Ill. 110; Plain v. Roth, 107 Ill. 588. Except as to such facts, appellee was incompetent as a witness. From the entire evidence that was competent in the record there was evidence to sustain the verdict; and although certain questions and answers of appellee were inadmissible, and certain questions and answers asked the widow were inadmissible, yet on trials before the court without a jury, that evidence, as here, was not misleading, and to the prejudice of appellants. Objection is made to certain propositions of law held for appellee. The third proposition held is: "The court instructs you that if you find from the evidence that the plaintiff within five years last past and before

the death of P. H. Robnett, paid out and expended her own money in and about the necessary expenses of the family and farm of said P. H. Robnett, and with his knowledge and consent, then it raised an obligation on him to repay the plaintiff, and she may now recover against the estate such sum as you find from the evidence remains unpaid, if any remains unpaid, not exceeding the amount of plaintiff's claim." It is urged that the proposition allows a recovery for more than five years prior to filing the claim. It is, "If within five years last past and before the death of P. H. Robnett," the appellee paid out money, etc. We do not believe this proposition is subject to the objection urged. This claim was filed in the County Court, and on appeal by the administrator was brought to the Circuit Court, and then a judgment for $600 rendered for appellee against the estate, and this appeal to this court is brought by the heirs. From the entire evidence in the record we do not find such errors that we ought to reverse this judgment. The judgment is affirmed.

*Judgment affirmed.*