## Chicago General Street Railway Co. v. Joseph Capek.

1. JUDGMENTS—*When Not to Be Reversed.*—A judgment will not be reversed for a refusal to admit evidence of a thing of which no offer is made except by its name, and of which the record discloses nothing but the name.

2. VERDICTS—*Against the Weight of the Evidence.*—Where the verdict is against the decided weight and preponderance of the evidence, the judgment based upon it ought not to stand.

3. PRESUMPTION—*Of Ownership from the Use of Names.*—In the case of railways a presumption of ownership may arise from the fact that the name of the corporation is painted upon cars and locomotives, but such presumption is not conclusive.

4. WITNESSES—*Weight of Testimony.*—The testimony of witnesses who, from the nature of their connection with matters in controversy, have affirmative knowledge of such matters, standing unimpeached, is entitled to greater weight than those who speak only by way of inference.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded. Opinion filed January 21, 1897.

Ennis & Coburn, attorneys for appellant.

Brandt & Hoffmann, attorneys for appellee.

Mr. Presiding Justice Shepard delivered the opinion of the Court.

The appellee was injured by falling, or being thrown, when attempting to alight from an electric car, which he claims was operated by the appellant, on April 29, 1894, and recovered a verdict for $16,000, upon which the judgment was entered that is appealed from.

Speaking generally, the defense was that the appellant neither owned, operated or controlled the car, or the railway tracks upon which it ran, at the time the injury occurred, or at any time before or since; and the argument of appellant is mainly confined to the assigned error that evidence which would have tended to prove such fact was excluded from the jury.

The appellant was duly organized, on December 22, 1892, as a corporation for the purpose of constructing and operating horse, electric, cable and dummy street railways in Chicago, "and particularly, for the purchase of the franchise of the West and South Towns Street Railway Company," etc. All of appellant's witnesses who testified on that subject, testified explicitly that appellant never did any business, because it was unable to raise money for the purpose for which it was organized; that all that was ever done by the corporation in the way of business, was to attempt to raise funds to carry out the intention of its promoters to procure the franchise of the South and West Towns Company and operate the road of that company, but that it was unsuccessful in such attempt, and that it never ran, owned, operated, managed or controlled that or any other road, or street car line.

On the other hand, it was shown, by cross-examination of appellant's witnesses and by witnesses introduced in behalf of appellee, that the car on which appellee was traveling when injured, had the name of appellant painted on it, and

that stationery was, at the time of, and subsequent to the accident, used by whoever did operate the road, on which was printed the words, "Office of Chicago General St. Ry. Co., 971 West Twenty-second street, Chicago, ——, 1893."

One or more employes of whichever company was in fact operating the road, testified, also, that they understood they were working for the appellant, and there was some other evidence that tended indirectly to show that the appellant was operating the road at the time of the injury.

All of the positive evidence of the ownership or operation of the road or car, by the appellant, was explained by officers of the appellant, who testified that in anticipation of the appellant acquiring the franchise of the Towns Company, and in the belief that such acquisition would become an accomplished fact, the car in question, and a few other cars, were painted with appellant's name on them, and that stationery was so prepared and sometimes used, and the court allowed all questions to appellant's witnesses as to the fact of whether the appellant ever acquired the franchise spoken of, or operated the road, to be answered, and their testimony was uniformly and explicitly in the negative.

At the time of the incorporation of the appellant, the road on which the accident occurred was owned and operated by the said West and South Towns Street Railway Company, and, as said, the appellant corporation was organized for the principal purpose of acquiring the franchise and operating the road of said Towns Company.

Several of appellant's witnesses, who were subscribers to the capital stock of appellant, and were officers of it, and testified that the appellant never acquired or operated the road of the Towns Company; testified, also, that the road was operated by the Towns Company at the time of the accident, and not by appellant.

The appellant lays much stress upon the refusal by the trial court to admit in evidence what was called, in the offers that were made, "The charter of the Chicago General Railway Company" and "the charter of the West and South Towns Railway Company, and the lease between it and the Chicago General Railway Company."

Upon such offer, the court in ruling said: " All that is necessary for you to do, is to show that the defendant was not running the road. It is not necessary for you to show who was."

We could not concur with the learned judge before whom the case was tried, in the correctness of the ruling so made by him, if the record corroborated the statement of offer that was made.

To an ordinary jury, the fact that was proved, and is not denied, that appellant's name was painted upon the car, and that stationery bearing appellant's name was in use at the office of whoever did operate the road, would tend very strongly to overcome mere negative oral testimony that appellant was not operating the road; and documentary proof that would show the incorporation of another company, which it had been testified was operating the road, and a lease between it and another corporation which had been chartered, would, in our opinion, have been competent and material evidence for the jury to consider in determining whether or not the appellant was operating the road when the injury occurred.

Such affirmative proof would have had a tendency to establish the negative fact that appellant was not operating the road, and because of such tendency, would have been proper.

But we may not consider that any error was committed in refusing the offers, for the reason that the statement by counsel of what was offered by him when he made the offer, as already quoted, is all that the bill of exceptions discloses. Whether what he called charters and a lease were in fact such, or were mere waste paper that had no connection whatever with the case, there is no way of determining from anything that is contained in the record.

A judgment may not be reversed for a refusal to admit evidence of a thing of which no offer is made except by its name, and of which the record discloses nothing but the name.

There was, however, without that evidence, such a

decided preponderance and weight of evidence that the appellant did not own or operate the road or car at any time, that the judgment ought not to stand.

While in the case of railways a presumption of ownership may arise from the fact that the name of the corporation is painted on cars or locomotives (Ryan v. B. & O. R. R. Co., 60 Ill. App. 612), such a presumption, like others which are not in law conclusive, is subject to being rebutted, and we think was fairly rebutted in this case.

Several witnesses for appellant, who, from the very nature of their connection with the appellant corporation, and with the Towns Company, knew affirmatively what corporation owned and operated the line in question, testified positively and explicitly that the appellant did not own or operate it, and never did.

Such evidence, standing unimpeached, must necessarily be entitled to greater weight than that of others who spoke only by way of inference.

It is not pretended that there is anything in the case that binds the appellant by way of estoppel from denying its connection with the accident, unless it may be because of its name being painted on the car, and that we regard as having been satisfactorily explained.

The judgment of the Circuit Court will accordingly be reversed and the cause remanded.