**Maggie Seass et al. v. S. W. Wright, Jr., Administrator.**

WITNESSES—*when not disqualified by virtue of interest.* A
financial interest in the result of a suit does not disqualify a
witness unless the adverse party sues or defends in a representa-
tive capacity.

Assumpsit.  Appeal from the Circuit Court of Moultrie county;
the Hon. W. G. COCHRAN, Judge, presiding.  Heard in this court at
the May term, 1907.  Affirmed.  Opinion filed December 7, 1907.

JOHN E. JENNINGS, for appellant.

W. K. WHITFIELD, for appellee.

MR. JUSTICE BAUME delivered the opinion of the
court.

This is a suit by appellee, as administrator of the
estate of Andrew J. Patterson, deceased, against ap-
pellants to recover the amount of a promissory note
bearing date March 22, 1901, for the sum of $375.50,
payable to the order of A. J. Patterson twelve months
after date, with interest at the rate of seven per cent.
per annum from date.  Appellants pleaded the gen-
eral issue and payment.  A jury being waived, a trial
by the court resulted in a finding and judgment against
appellants for $447.87.

To sustain their plea of payment appellants offered
in evidence two checks payable to the order of A. J.
Patterson, one for the sum of $200, dated September
18, 1902, and one for the sum of $78.85, dated March
16, 1904, and also offered evidence of the payment to
A. J. Patterson in April or May, 1903, of the sum of

$90. Under their plea of payment the burden was upon appellants to show that the several payments were made upon the note in question. Robison v. Bailey, 113 Ill. App. 123; *Idem,* 123 Ill. App. 611. There is some evidence tending to show that appellants directed the proceeds of the check for $200 to be applied as a payment upon the note, but it is not of a satisfactory character, and in view of all the circumstances disclosed by the evidence we think the court was warranted in finding that the $200 was paid upon another debt or for some other purpose. The check for $78.85, dated March 16, 1904, is the exact amount of interest then due upon the entire principal of the note and was manifestly given in payment of such accrued interest. If the payment of $200 on September 18, 1902, and of $90 in April or May, 1903, had been made upon the note as claimed by appellants, it is quite improbable that they would have paid the accrued interest on the face of the note up to March 22, 1904.

It is insisted that a son and son-in-law of the deceased payee of the note were improperly permitted to testify as witnesses on behalf of appellee, the administrator.

The adverse parties, appellants, against whom the witnesses were called were defending in their own right and not in any representative capacity, and the witnesses were not, therefore, incompetent under the second section of the act relating to Evidence and Depositions. Freeman v. Freeman, 62 Ill. 189; Byers v. Thompson, 66 Ill. 421; Patterson v. Collar, 34 Ill. App. 632.

The record is free from error and the judgment will be affirmed.

*Affirmed.*