## Robert T. Walbank, Defendant in Error, v. Walden W. Shaw Livery Company, Plaintiff in Error.

### Gen. No. 19,248.

1. WITNESSES, § 48*—*when objection to competency insufficient.* Where plaintiff's wife is competent to testify to certain facts, an objection by defendant that she was "absolutely incompetent" may be properly overruled.

2. WITNESSES, § 33*—*when wife competent to testify on account of the necessity of the case.* Where a wife had the custody and control of an automobile of her husband when it was struck by another automobile, and no witness of the occurrence knew the wife by sight, or knew who was the owner of the automobile which was struck, in a suit by the husband for damages to his automobile caused by the collision *held* that the wife, from the necessity of the case under a rule of the common law, was competent to testify that she was driving the automobile which was struck.

3. WITNESSES, § 33*—*matters of which wife is incompetent to testify.* In an action for damages to plaintiff's automobile caused by a collision with defendant's automobile, where at the time of the accident plaintiff's automobile was in the custody of plaintiff's wife alone, *held* that the wife was incompetent to testify to an interview with a claim agent of the defendant, in the presence of her husband and another.

4. WITNESSES, § 42*—*when wife incompetent to testify as agent of husband.* A wife is not a competent witness for her husband under the provision of the statute that she may tstify for her husband in matters of business transactions conducted by her as agent of the husband, where her testimony does not relate to any business transaction had or conducted by her as agent for her husband.

Error to the County Court of Cook county; the Hon. W. F. SLATER, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed May 4, 1914.

D'ANCONA & PFLAUM, for plaintiff in error.

FELIX J. GRIFFEN and CHENEY & EVANS, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the defendant from a judgment for $154.50 recovered by plaintiff for damages to his automobile alleged to have been caused by a collision with an automobile of the defendant through the negligence of the servant of defendant, the driver thereof. The wife of the plaintiff was called as a witness by the plaintiff and asked if the plaintiff had an automobile. The defendant then objected to her testimony "as absolutely incompetent" because she was the wife of the plaintiff and therefore not competent to testify for or against him. This was the only objection made to the testimony of the witness. The court overruled the objection, the defendant excepted and the witness testified that her husband had an automobile; that she went to the Railway Exchange Building in the car on an errand for her husband; that on her way home she was alone in the car and as she was driving it west in Jackson boulevard on the north side of the street a taxicab, also going west, ran by her on the south side of her car, struck the car she was driving, throwing the front wheels on the sidewalk. Later she testified to an interview with Mr. West, the claim agent of the defendant, in the presence of her husband and Mr. Hotchkiss, in which she testified Mr. West made certain statements and admissions.

The rule of the common law as to the admissibility of testimony was first changed by legislative enactment in this State in 1867. Before such change was made it was held in *Parmelee v. McNulty,* 19 Ill. 558; *Davis v. Michigan Southern & N. I. R. Co.,* 22 Ill. 278; and in *Illinois Cent. R. Co. v. Taylor,* 24 Ill. 323, that the owner of a lost trunk could in an action against the carrier testify to the contents of such trunk, and that when in such case the husband could testify, the wife could also testify. In *Illinois Cent. R. Co. v. Copeland,* 24 Ill. 332, it was said that the rule could only be defended on the necessity of the case. In *Parmelee*

*v. McNulty, supra,* it was said: "In cases of this kind, the law permits a party to be a witness in his own cause, for the purpose of proving the contents of lost baggage, and even its value, when he cannot adduce other evidence of these facts. This is an exception to the general rule of law, and should not be extended beyond the necessity which gave rise to it." We think that where a wife has the custody and control of an automobile of her husband, which is struck by another automobile, and no witness of the occurrence knew the wife by sight, or knew who was the owner of the automobile which was so struck, the wife, from the necessity of the case, under the rule of the common law stated in the cases cited, is a competent witness to testify that she was driving the automobile which was struck. As the witness was competent to testify to certain facts, the objection by defendant that she was "absolutely incompetent" was properly over-ruled.

The wife was not a competent witness for her husband under the provision of the statute that she may testify for or against her husband "in all matters of business transactions where the transaction was had and conducted by her as the agent of her husband." Her testimony did not relate to any business transaction had or conducted by her as the agent of her husband. If it be conceded that she went in the automobile to attend to a business transaction for him, this did not make her a competent witness to testify to what she saw or heard on the way to or from the place where such transaction was had, but only made her competent to testify to such transaction.

Her testimony as to the interview with West was incompetent. Her husband and Hotchkiss were present at the interview, but no objection was made to her testimony other than the objection that she was not competent to testify for or against her husband, and under this objection plaintiff in error cannot be heard to insist that part of her testimony was inadmissible.

Finding no error in the record the judgment is affirmed.

*Affirmed.*