# The Standard Brewery, Appellee, v. John W. Healy, Appellant.

## Gen. No. 23,174.

1.   EVIDENCE, § 67*—*when evidence that parties other than defendant rented premises is admissible.* Where defendant was sued upon an alleged oral agreement with plaintiff to rent a certain building from plaintiff and conduct therein a saloon and to purchase beer from plaintiff for the business, evidence offered by defendant that other parties, and not he, rented the building and conducted the business was competent, and defendant was not limited to a denial of the alleged agreement.

2.   EVIDENCE, § 67*—*when of collateral facts is admissible.* Whenever there is a conflict in the evidence relevant to the issue, evidence of collateral facts which have a direct tendency to show that the evidence of the one side is more reasonable and therefore more credible than that of the opposite side is admissible.

3.   FRAUDS, STATUTE OF, § 41*—*when oral lease is void.* An oral lease for two and one-half years is void, even though possession of the premises is taken for a part of the time.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. ASSUMPSIT, ACTION OF, § 59*—*when tenant liable for use and occupation.* A tenant occupying premises under a void oral lease for two and one-half years is liable for use and occupation and not for rent under the lease.

5. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim amendable.* A statement of claim based upon a void oral lease for two and one-half years, *held* subject to amendment for recovery for use and occupation.

Appeal from the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Reversed and remanded. Opinion filed December 28, 1917.

MULLEN & L'AMOREAUX, IVAR N. NELSON and H. W. BEATON, for appellant.

BAKER & HOLDER, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

The Standard Brewery brought suit against John W. Healy to recover $916.69. The case was tried before the court without a jury, a judgment was entered in favor of the plaintiff for the amount of its claim, to reverse which defendant prosecutes this appeal.

Plaintiff's theory was that the defendant entered into an oral agreement with it, whereby he leased a building for approximately two and one-half years, in which he desired to conduct a saloon; that the agreement further provided that the defendant was to purchase beer from the plaintiff; that in accordance with the agreement defendant took possession of the building and proceeded to conduct the saloon and purchased beer from plaintiff; that defendant conducted such saloon for about six months when he vacated the premises; that there was then due plaintiff $316.69 on an account stated, being the balance for moneys advanced and beer furnished, and that there was also due rent for four months at $150 per month, or $600.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Defendant's theory was that he entered into no agreement with the plaintiff; that he never conducted the saloon or purchased any beer from plaintiff but that the agreement was between plaintiff and Edward J. Healy and John W. Gavagan, who conducted the saloon and purchased the beer.

Plaintiff contends that the assignments of error are insufficient to raise any question. In the view we take of the case we think they are sufficient to pass on the rulings of the trial court in the admission of evidence. This question may be raised without submitting propositions of law.

Since there must be a new trial of this case on the ground that the court excluded proper evidence offered by the defendant, we express no opinion on the weight of the evidence, and will not discuss it more than is necessary.

Witnesses on behalf of the plaintiff testified that the defendant called at plaintiff's brewery and stated he desired to rent the building (which was under lease by the plaintiff) for the purpose of conducting a saloon, and that he also desired to purchase the necessary beer from the brewery; that an agreement was accordingly entered into and the defendant then paid $150 on account of rent; that immediately afterwards plaintiff delivered beer at the premises; that a beer book was kept at the saloon in which drivers wrote down the amount and price of the beer furnished; that this book was left at the saloon, except at the end of each month when it was taken by the driver to the brewery where the items were footed up and the book then returned to the saloon; that the book showed a balance of $316.69, which was made up of $20.50 for beer, $252 license and assignment fee, $35 bond fee, and $9.19 water tax. The testimony further tended to show that defendant had agreed to lease the premises at $150 per month for about two and one-half years, being the same period of time that the premises were

held by the plaintiff under a lease from the owner.

The testimony on behalf of the defendant was that he did not rent the premises of the plaintiff; that he advanced certain moneys to Edward J. Healy and John W. Gavagan, who rented the premises from plaintiff and who conducted a saloon there; that he had nothing to do with the running of the saloon at any time, but that the same was operated solely by the two parties last mentioned; that the defendant had seen a written lease from plaintiff to Healy and Gavagan covering the premises. The evidence further tended to show that the brewery had a license from the city to operate a saloon in the premises and that it executed an assignment of the license to Healy and Gavagan; that two representatives of the plaintiff also signed a written application addressed to the chief of police, stating that Healy and Gavagan were known to them for a number of years and were proper persons to conduct a saloon. There was also a written assignment of the right to renew the license executed by Healy and Gavagan to plaintiff, and two of plaintiff's officers were sureties on the bond of Healy and Gavagan given by them to the city. Witnesses were also offered who would testify that Healy and Gavagan actually conducted the saloon and that defendant did not; that the telephone and electric light were in the name of Healy and Gavagan, and that various supplies were purchased and employees were hired by them to run the place. Some of the evidence offered by the defendant that tended to show that he had no connection with the saloon, but that the building was rented and the saloon operated by Healy and Gavagan, was admitted and some was afterwards stricken out, but the greater part of it was ruled out as inadmissible, the court apparently taking the position that as plaintiff had testified it rented the place to defendant, the only competent evidence on behalf of the defendant was a denial. In this the court erred. Any evi-

dence that would tend to show that the building was rented and the saloon operated by Healy and Gavagan and not by the defendant was competent. The law is that whenever there is a conflict in the evidence relevant to the issue, evidence of collateral facts which have a direct tendency to show that the evidence of the one side is more reasonable and therefore more credible than that of the opposite side is admissible. *Glassberg v. Olson,* 89 Minn. 195; *Barney v. Fuller,* 133 N. Y. 605; *Cochrane v. West Duluth Industrial Const. & Imp. Co.,* 64 Minn. 369; *Dodge v. Weill,* 158 N. Y. 346; *Home Ins. Co. v. Weide,* 78 U. S. 438; *Chicago Gen. St. Ry. Co. v. Capek,* 68 Ill. App. 500. It would be a narrow rule that would limit the evidence to an affirmation of the agreement on the one hand and a denial of it on the other. All of the evidence offered by the defendant that tended to show that he had nothing to do with the operation of the saloon but that it was under the control of other parties was clearly admissible.

The evidence tended to show that some of the transactions were conducted by one Blair on behalf of the plaintiff. Objection was made that this was inadmissible for the reason that Blair was not the agent of the plaintiff. We think the evidence of his agency was sufficient to permit the introduction of the evidence offered in this regard.

The defendant also contends that the evidence failed to show that there was an account stated in the sum of $316.69. This contention depends entirely upon whether the defendant rented the building and operated the saloon, and as we have held that the court erred in ruling on the admission of evidence, that question will be determined on a retrial.

Defendant further contends that the lease is within the Statute of Frauds, and therefore void, in that the evidence shows that it was for a period of more than one year and was not in writing. Plaintiff's vice

president and manager testified that the lease was for approximately two and one-half years, and that it was not in writing. It is clear, therefore, if his version is true, the lease is void under the Statute of Frauds, even though defendant took possession for a part of the time. Yet if the premises were occupied by defendant, he would be liable for use and occupation. *Marr v. Ray*, 151 Ill. 340. Plaintiff's statement of claim is based upon the lease and is not for use and occupation, but, as there must be a new trial, the court will probably permit the statement of claim to be corrected if plaintiff desires to do so.

The judgment of the Municipal Court of Chicago is reversed and the cause remanded.

*Reversed and remanded.*