## John M. Bolkhardt, Appellee, v. Phillip J. Edwards, Appellant.

### Gen. No. 27,941.

1. WITNESSES—*statutory disability of wife as witness for husband to circumstances of automobile collision.* In an action by a husband for damages to his automobile sustained in a collision with defendant's automobile, alleged to have resulted from defendant's negligence, plaintiff's wife, who was driving his car when the collision occurred, is incompetent to testify to the circumstances of the collision, under the provisions of the statute on Evidence, sec. 5, Cahill's Ill. St. ch. 51, ¶ 5, depriving husband and wife of the benefits of section 1, removing the common-law disability of parties and persons in interest as witnesses, except in certain specific instances, where it appears that plaintiff's wife does not come within any of the exceptions mentioned.

2. WITNESSES—*testimony of plaintiff's wife not admissible in his behalf under rule of "necessity" where other witnesses available.* The statutory disability of a wife to testify in behalf of her husband as to the circumstances of an automobile collision in which the husband's car was damaged is not removed by "necessity of the case" where it appears that at the time of the collision she was driving her husband's car accompanied by her twelve-year-old daughter who witnessed the occurrence and that a policeman was present and witnessed the accident or came to the scene immediately thereafter.

Appeal by defendant from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1922. Reversed and remanded. Opinion filed October 17, 1923.

MILLER, GORHAM, WALES & NOXON, for appellant.

No appearance for appellee.

MR. JUSTICE THOMSON delivered the opinion of the court.

By this appeal the defendant, Edwards, seeks to reverse a judgment for $139.75, recovered against him in the municipal court of Chicago by the plaintiff,

Bolkhardt, in an action brought by the latter, based on a claim for damages sustained by his automobile in a collision with an automobile driven by the defendant, which collision was alleged to be the result of the defendant's negligence.

The only witness who testified to the circumstances of the collision, on behalf of the plaintiff, was the plaintiff's wife. At the time of the accident she was driving the plaintiff's car and her twelve-year-old daughter was with her. The defendant contends that the testimony of the plaintiff's wife was erroneously admitted, so far as it related to the circumstances of the accident, and by reason of such error this court is asked to reverse the judgment.

Section 1 of our statute on Evidence [Cahill's Ill. St. ch. 51, ¶ 1] removes the common-law disability of parties and persons interested in the event, of the suit as witnesses. Section 5 of the same act [Cahill's Ill. St. ch. 51, ¶ 5] deprives husband and wife of all benefit of section 1, except in certain specific cases. It seems clear that Mrs. Bolkhardt did not come within any of the exceptions mentioned in the latter section, and, therefore, her testimony, which was objected to on the trial of the case, was incompetent, unless it would have been admissible at common law. In *Parmelee v. McNulty*, 19 Ill. 556; *Davis v. Michigan Southern & N. I. Ry. Co.*, 22 Ill. 278; *Illinois Cent. R. Co. v. Taylor*, 24 Ill. 323, and *Illinois Cent. R. Co. v. Copeland*, 24 Ill. 332, it was held that a party in interest and also the wife of such a party might be permitted to testify as to the contents of lost baggage. The court recognized this as an exception to the general rule that a party in interest was disqualified as a witness by such interest, but placed the exception on "the necessity of the case."

We are disposed to give the rules of evidence as liberal a construction as the law permits. Applying that general rule to the situation presented in the

case at bar, we would be inclined to hold that by reason of "the necessity of the case" the wife might be permitted to testify for the plaintiff, her husband, in an action brought by him to recover damages to his automobile, which damages he alleged were caused by the defendant, in a collision with the plaintiff's car, when the latter was being driven by his wife, she being alone at the time and there being no other witnesses to the accident,—and this, not on the theory that such an occurrence is covered by any situation set forth in section 5 of the Evidence Act, but rather on the theory that such evidence would be admissible at common law. In changing the common-law rules of evidence, by the passage of our statute, it was sought not to restrict the common-law rules but to liberalize them. However, in the case at bar the necessity above referred to is not established. It appears from the evidence that the plaintiff's young daughter was with her mother at the time of the occurrence in question and also that a policeman was either present and witnessed the accident or came up immediately after it.

Under the circumstances we are of the opinion that the rules of evidence, even giving them the liberal construction we are disposed to, are such as to make the objections which the defendant interposed to the questions put to the plaintiff's wife, relating to the circumstances of the collision, good, and they should therefore, have been sustained.

For the reasons stated the judgment of the municipal court is reversed and the cause is remanded to that court for further proceedings not inconsistent with this opinion.

   *Judgment reversed and cause remanded.*

Taylor, P. J., and O'Connor, J., concur.