Angelina Baldassare, Formerly Angelina Annina, Appellee, v. Federal Union Life Insurance Company of Cincinnati, Appellant.

Gen. No. 36,106.

Heard in the first division of this court for the first district at the June term, 1932. ▮ Opinion filed November 14, 1932. Rehearing denied November 28, 1932.

CLYDE L. TODD, for appellant.

LIVINGSTON & KAUFMAN, for appellee; WILLIAM McKINLEY and PAUL E. PRICE, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action against the defendant to recover on a policy of life insurance issued on the

life of plaintiff's husband. There was a verdict and judgment in plaintiff's favor for $1,173.85, and defendant appeals.

The record discloses that on February 6, 1920, defendant issued its policy of insurance for $1,000 payable on the death of the insured, Giorgio Annina, to his wife, Angelina Annina. The annual premium was $20.41, and the only dispute in this case is whether the semiannual premium of $10.61, which fell due February 6, 1926, was paid. Plaintiff takes the position that it was paid by her on that date, and defendant's position is that the premium was not paid at that time or at any other time, and that the policy had lapsed prior to the time the insured died, which was June 1, 1926. The insured's wife, Angelina Annina, after the death of the insured married and her name is now Angelina Baldassare.

The evidence is to the effect that a representative of the insurance company called at plaintiff's home from time to time and collected insurance premiums as they became due, including the premium on the policy in question; that sometimes the premium was paid to the agent by the insured, Giorgio, and sometimes by his wife, Angelina. She testified that on February 6, 1926, when the premium came due, the agent of the company called at her home; that her husband, the insured, was not at home and that she paid the agent in currency $10.61, and was given a receipt by the agent for the money, but that she did not keep receipts and threw it away. The agent for the company testified that he called at the home of the insured on or about February 6, 1926, to collect the premium and that he took with him the receipt of the insurance company for the annual premium, which he was to sign as the authorized agent upon receiving payment of the premium; that when he called at the home of the insured on the evening in question he

saw plaintiff and asked her for the premium but she was unable to pay the money at that time, and that he returned the receipt to the company's office. The receipt is in the record. He further testified that he never received payment of the premium or any part of it. Other evidence offered by defendant was to the effect that the company had not received the premium. There is other evidence in the record that the insured was borrowing money on his policy and that a few days after February 6, 1926, the company gave him a check for $56.35, being the amount the assured could then borrow on the policy. This check is dated February 15, 1926.

There is other evidence that the premium had been paid, as well as evidence to the contrary. In such a situation we think the court should have been somewhat more liberal in the admission of evidence as to the conduct of the parties after the insured died, as their conduct would throw light upon the ultimate question for decision, namely, whether the insurance company had been paid, and we think all of the evidence on this point should be fully developed. *Standard Brewery v. Healy,* 209 Ill. App. 272. As the record now stands, we think the verdict and judgment is against the manifest weight of the evidence, and for this reason, as well as for the exclusion of the evidence as stated, the judgment must be reversed.

The defendant contends that plaintiff was an incompetent witness because she was the widow of the insured and that she was not made competent under section 5 of the Evidence Act, Cahill's St. ch. 51, ¶ 5. Under the common law the wife or widow was an incompetent witness, as was anyone who was a party in interest to the suit. Some of the hardship occasioned by this now barbaric rule of the common law was abrogated by our legislature in 1867, when it provided that a party to a suit was not disqualified as a witness.

Section 5 of that act provides that the husband or wife is not competent to testify for or against each other as to any transaction or conversation occurring during the marriage "except in cases where the wife would, if unmarried, be plaintiff or defendant, . . . or in all matters of business transactions where the transaction was had and conducted by such married woman as the agent of her husband, in all of which cases the husband and wife may testify for or against each other, in the same manner as other parties may." It has been held that section 5 permits a husband or wife to testify but they may not do so where the facts or circumstances concerning which they testify came to their knowledge only by reason of the marriage relation. *Monaghan v. Green,* 265 Ill. 233.

In the instant case we think the wife was a competent witness under the statute. She testified that she paid the premium in question and obviously she was acting as the agent of her husband in so doing. She was also competent to testify, under the common law, to this fact under the rule that is spoken of as the "necessity of the case." *Walbank v. Walden W. Shaw Livery Co.,* 186 Ill. App. 128; *Bolkhardt v. Edwards,* 230 Ill. App. 640; *Kirman v. Hutchinson,* 254 Ill. App. 469. Since the evidence discloses that there was no one but plaintiff present when the agent of the insurance company called to collect the premium the evening of February 6, the wife was a competent witness under the common law because of the necessity of the case. If she could not testify, plaintiff's version of the matter could not be presented.

Complaint is also made by defendant that the court erred in refusing to permit Mr. Mathias, an attorney who represented the insurance company, to testify as to admissions made to him by counsel for plaintiff when there was a discussion between counsel some time before suit with an apparent view of settling the

matter. The argument is that counsel for plaintiff made admissions to the effect that the premium had not been paid. We think the court rightly excluded this evidence. This conference was out of the presence of plaintiff and she could not be bound by any statements made by him under such circumstances. The conversation between counsel was what is sometimes called ''lawyer's talk'' and clearly inadmissible. 6 Corpus Juris, p. 650; *Hicks v. Naomi Falls Mfg. Co.,* 138 N. C. 319.

For the reasons stated the judgment of the municipal court of Chicago is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

McSURELY, P. J., and MATCHETT, J., concur.