FRANKLIN PARMELEE *et al.*, Plaintiffs in Error, *v.* JAMES MC-NULTY, Defendant in Error.

ERROR TO COOK.

The owner of lost baggage may be a witness to prove the contents of a trunk and the value thereof; provided there is no other person who can make such proof.

The court will take notice, that the owner of an omnibus line is a common carrier of passengers and their baggage; and if it be otherwise, he must make it appear.

THE defendant in error brought an action on the case against the plaintiffs in error to the March term, 1857, of the Cook Circuit Court.

The declaration contains four counts—the first two of which are upon the custom as common carriers for the loss of a " trunk or valise " and contents. The third count charges them as bailees. The fourth count is in trover.

The defendants pleaded the general issue.

On the 13th of April, A. D. 1857, the plaintiff caused to be filed in the clerk's office of said court the depositions of one Marsh, McNamara, Frank McNulty, and of himself, taken before the same commissioner, and upon the same set of interrogatories.

These depositions being filed on the 13th April, 1857, on the 16th of the same month, and before the trial, the plaintiffs in error filed a motion to exclude and suppress the deposition of said James McNulty, the party plaintiff below : stating therein as the grounds, that he was not a competent witness ; that his evidence could not be taken by a commissioner because he could not be deemed a non-resident witness within the 10th section of chapter 40.

This motion the court overruled, and the defendants excepted.

On the 17th December, 1857, the cause was tried before the court, MANNIERE, Judge, and a jury.

The plaintiff below having read the said depositions of Marsh, McNamara and Frank McNulty, in evidence, offered to read that of the plaintiff. To reading the answer of said plaintiff to the

second interrogatory the defendants objected; the court overruled the objection, and the defendants excepted.

And the answer was read to the jury which is in the opinion of the court.

The plaintiff's counsel then read in evidence a check for baggage as follows:

Omnibus Line Baggage Ticket,
F. PARMELEE & CO.

On the back of which were the letters, " S. M."

The bill of exceptions then states, thus, " and it was admitted by the defendants' counsel that the said check was one of defendants'. That it was given by them to the plaintiff at the time the plaintiff's railroad check was surrendered."

One Cone, an agent of the Southern Michigan Railroad, who had care of the baggage, was called by the plaintiff, and gave evidence that the plaintiff called at the depot and made a demand or inquiry for his baggage, and that it was not found.

There was a verdict and judgment for plaintiff below, for $160.

SCATES, McALLISTER, JEWETT & PEABODY, for Plaintiffs in Error.

E. A. & J. VAN BUREN, for Defendant in Error.

CATON, C. J. This action was brought against Parmelee, as the proprietor of an omnibus line in Chicago, for the loss of a trunk, or valise, and its contents. To maintain the issue on his part, the plaintiff below introduced proof tending to show the delivery of the article to the agents of the omnibus line, and its loss. He also proved, by the deposition of his brother, Frank McNulty, that he knew the valise, and gave a description of it, also a description of a part of its contents. The plaintiff's own deposition was then introduced, on his part, which is, in substance, this: I know the contents and value of the trunk, or baggage, for which the aforesaid action is brought, excepting, perhaps, some items which I may have forgotten. There was a large trunk valise, containing wearing apparel, consisting of a dress suit of clothes, a dozen and a half of shirts, a dozen pair of socks, two dozen collars, two silk wrappers, two woolen wrappers, two pair of drawers, a pair of patent leather boots, cravats, handkerchiefs, a pair of fur gloves, some books for my use while traveling, shaving articles, toilet articles, and other articles of baggage and apparel, which I can't now specify, of the value of

one hundred and fifty dollars, in the whole, at the time the same went into the possession of the defendant; the valise, or trunk, was worth ten dollars, in addition to the contents.

In cases of this kind, the law permits a party to be a witness in his own cause, for the purpose of proving the contents of lost baggage, and even its value, where he cannot adduce other evidence of these facts. This is an exception to the general rule of law, and should not be extended beyond the necessity which gave rise to it. It appears, from the evidence in this case, that the necessity did not exist as to a part of the articles which the trunk contained, and also as to the value of the trunk. The value of those articles, as to which Frank McNulty testified, might and should have been proved by him, he being acquainted with them, and, of course, their value could have been proved by him, or at least the reason should have been given why he could not state their value. But to do this no effort was made. No question was put to him on this subject. The whole of this part of the case rests upon the plaintiff's own testimony. This evidence, we think, was improperly admitted.

It is further objected that the court assumed that Parmelee was a common carrier, without proof of that fact. The proof showed that he was the owner of an omnibus line, to the agents of which, the proof tended to show, the trunk was delivered. The court was authorized to take notice that the owner of an omnibus line is a common carrier, just as much as the owner of a railroad, or of a line of steamboats. The court will take notice of the general meaning of words; and we know that an omnibus line, means a line of coaches for the carriage of passengers and their baggage. If this line was established for other purposes, that should have been shown in defense.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*