## FRANK PARMELEE

### *v.*

## ELIAS LOWITZ.

1. COMMON CARRIER — *what constitutes.* One who for hire carries passengers and their baggage, and also baggage alone, for all persons choosing to employ him, from, to, and between railroad depots and hotels, and other places in a city, is a common carrier of goods.

2. SAME — *of goods, liable for all losses not inevitable.* A common carrier of goods, who receives and undertakes to carry a trunk from a railroad depot to the owner's residence, is answerable for all losses, except such as are inevitable, that may occur whilst the trunk is in his possession, and until it is delivered to the owner.

3. A common carrier of goods who receives and undertakes to carry a trunk for one not a passenger with such carrier, is responsible for the delivery of the trunk and its contents, notwithstanding the contents consist of articles not usually carried as baggage, unless the owner has been guilty of some fraud or deception.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. JOHN LYLE KING, for the appellant.

Mr. ALLAN C. STORY, and Mr. RUFUS KING, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This is an appeal from a judgment rendered in the circuit court of Cook county, in favor of Elias Lowitz against Frank Parmelee, for the sum of $180.40.

It appears from the record, that in September, 1871, appellee was a passenger from New York to Chicago, on the Pittsburgh, Fort Wayne and Chicago railroad; that his baggage, consisting of a trunk, was checked from New York to Chicago. A short time before arriving at Chicago appellee delivered his check for the trunk to a servant of appellant, who received the trunk to be carried for hire from the depot to appellee's residence in Chicago. When the trunk was delivered to appellee, by the driver of appellant, it had been opened and a part of the contents abstracted. The loss of the goods occurred while the trunk was in the possession of the servants of appellant. Among the articles taken from the trunk were two patterns of women's dress goods — silks in the piece, purchased for plaintiff's wife and daughter, in New York. These were of the value of $111. Other articles lost were of the value of $69.40.

The appellant was the proprietor of a line of omnibus and baggage wagons, and engaged in carrying, for hire, passengers and their baggage, and also baggage alone, for all persons choosing to hire from, to, and between the various railroad depots and hotels, and different parts of the city in Chicago; that appellant had agents to solicit such business on all incoming trains. As is shown by this record, appellant was clearly a common carrier of goods as well as passengers, in the city of Chicago. _Parmelee_ v. _McNulty_, 19 Ill. 556.

In order to determine whether the finding of the court upon the evidence was correct, it will be necessary to consider the duties and obligations of appellant as a common carrier of goods.

It is said by Kent, vol. 2, page 597: "The carrier for hire in a particular case, and not exercising the business of a common carrier, is only answerable for ordinary neglect, unless he by express contract assumes the risk of a *common carrier*. But if he be a *common carrier*, he is in the nature of an insurer, and is answerable for accidents and thefts, and even for a loss by robbery. He is answerable for all losses which do not fall within the excepted cases of the act of God, meaning inevitable accident, without the intervention of man, and public

enemies.   This has been the settled rule of law for ages, and the rule is intended as a guard against fraud and collusion, and it is founded on the same broad principles of public policy and convenience which govern innkeepers."

Appellant, as a common carrier, received the trunk of appellee at the depot in Chicago, and agreed for a certain price to deliver it at the residence of appellee.   The law required him to safely carry and deliver it with its contents.   This he failed to do, but suffered a part of the contents of the trunk to be stolen while he was the custodian and insurer of the goods, and we are aware of no principle of law upon which he can escape the responsibility that attached to his undertaking as a common carrier.

It is, however, insisted by the counsel of appellant, that the dress goods taken from the trunk were not baggage such as is ordinarily carried by passengers, and, therefore, appellant was not liable for the loss of those articles.   And in support of this position we are referred to authorities where passengers upon railway or steamboat lines, who paid simply the fare of a passenger, and had baggage checked and met with loss, could not recover for the loss of goods which were not strictly denominated baggage.

Had the goods been taken from the trunk while it was in the possession of the railroad company, and were this a suit against the company to recover for the loss, then the position assumed, and the authorities cited might be regarded with some force.

But the case under consideration is not at all similar to the cases cited by appellant in his brief.   Appellee was not a passenger with Parmelee.   He did not pay or contract for fare. The relation between carrier and passenger did not arise or exist between them.   When the trunk was received no inquiry was made by appellant as to its contents, and so far as his liability was concerned, it was of no importance whether it contained baggage or merchandise.

Appellant had no greater right to be informed of the con

tents of the trunk, than a railroad company has to be informed of the precise contents of a box of merchandise which is received for shipment.

The common carrier is answerable for the loss of a box or parcel of goods, though he be ignorant of the contents, or though those contents be ever so valuable, unless he made a special acceptance. 2 Kent, 603.

This is the recognized rule, unless the owner of the goods has practiced a fraud or imposition upon the carrier by concealing the true value of the goods, and there is no pretense from this record, that any fraud, or deception, or concealment, was practiced by appellee.

The law prescribing the duties of appellant as a common carrier of goods, required him to safely carry and deliver the trunk and its contents to appellee, unless prevented by the act of God or the public enemies. This duty the record shows he failed to discharge, and he must be held responsible for the loss.

The judgment will be affirmed.

*Judgment affirmed.*