JAMES S. LITTLE *et al. vs.* BOSTON & MAINE RAILROAD.

Kennebec, 1876.—June 24, 1876.

### *Carriers.*

A common carrier is liable for the loss of a box or parcel however valuable, though ignorant of its contents, unless he make a special acceptance.

If the owner of goods to be carried is guilty of fraud in misrepresenting or concealing their value, he cannot hold the carrier liable.

Common carriers may by contract or notice, brought home to the knowledge of the owner and assented to by him, restrict their common law liability against accidental loss or injury, but not against negligence.

The carrier has a right to inquire as to the value of the articles received for carriage; and the owner will be bound by his answer.

But, fraud out of the question, he is not bound to state their value when no inquiry is made.

The delivery of goods to a carrier and their loss make out a *prima facia* case for the owner.

The measure of damages is the value of the goods lost, at their place of destination.

ON REPORT.

CASE against the defendants as common carriers, for the loss of a box containing jewelry goods of the alleged value of $1700, received by the defendants at Boston, November 28, 1871, marked H. A. Osgood, Lewiston, Maine.

*Plea,* general issue.

The evidence showed that the box declared on, in good order and plainly directed, was delivered in Boston to the plaintiffs, doing business under the name of the Kennebec & Boston Express, by the New York express company to whom the plaintiffs paid the expense of forty cents, the smallness of the charge indicating that it contained goods of ordinary value only; that the plaintiffs delivered it to the defendant company in Boston, to be carried with other freight at the rate of $5.00 per ton; that neither the plain-

tiffs nor the defendants knew what the box contained; that the custom of the plaintiffs was to send their valuable articles in a strong chest by an express messenger; that the charge on this box was thirty cents from Boston to Lewiston; that if the value had been known it would have been about $2.50; that before the freight car arrived at Lewiston the door of it was seen to be off and gone, and when it arrived there this box was missing. The plaintiff put into the case, the record of a judgment in Androscoggin county, rendered February 3, 1874, against them in behalf of Henry A. Osgood, on a verdict found at the September term in 1872 for $1695; cost taxed $63.77.

The case was submitted to the full court, to render such judgment as the law and facts require, and to assess the damages.

*E. O. Bean*, for the plaintiffs.

*J. W. Bradbury*, for the defendants.

APPLETON, C. J. The plaintiffs are express forwarders. They received in the course of business a box containing articles of value, and, in ignorance of its contents, delivered it to the defendants at Boston to be by them transported to Lewiston, the place of its destination, there to be delivered to H. A. Osgood. The defendants were under contract with the plaintiffs to carry their freight by the ton. They received the box for transportation. By their way-bill under date of November 28, 1871, such reception is acknowledged. Before the train reached Lewiston the door of the car containing the box in controversy was found to be off and gone, and on their arrival at Lewiston the box could not be found. Subsequently, the plaintiffs were sued and judgment was recovered against them for the value of the goods lost.

The question presented is whether under these facts the plaintiffs are entitled to recover.

The defendants are common carriers, and subject to the responsibility and liabilities imposed upon them as such. "The common carrier is responsible for the loss of a box or parcel, though he be ignorant of its contents, or though those contents be ever so valuable, unless he make a special acceptance." 2 Kent Com. 603. *Sager* v. *P. S. & P. Railroad*, 31 Maine, 228. Such is the gen-

eral rule ; but if the owner is guilty of fraud or imposition, as by fraudulently concealing the value of the parcel, or in any way leading the carrier to regard it as of little value, he cannot hold him liable for the goods lost. These plaintiffs cannot be deemed guilty of fraud in concealing the value of the box in controversy, when its contents were unknown.

The freight may depend upon the value of the article to be carried. When the article is of extraordinary or unusual value, the carrier would well be entitled to a higher rate of compensation, inasmuch as he might be reasonably held to a greater degree of care. The carrier therefore has a right to inquire as to the value of the article entrusted to him for carriage, and the owner is bound to answer truly. If he answers falsely, he will be bound by such answer. But if no inquiries are made, he is not required, in the absence of fraud, to state the value of the goods delivered to the carrier. *Phillips* v. *Earle*, 8 Pick. 182. *Brook* v. *Pickwick*, 4 Bing. 218. The defendants, however, omitted the precaution to make any inquiry as to value; and it was for them to do it. *Walker* v. *Jackson*, 10 M. & W. 168. Angell on Carriers, § 264.

It seems that common carriers may limit their liability by notice brought home to the owner of goods, before, or at the time of their delivery, and expressly or impliedly assented to by him. *Fillebrown* v. *Grand Trunk Railway Co.*, 55 Maine, 462. But no such limitation is shown in the case before us.

The delivery of the box to the defendants and its loss are not denied. The burden is on them to show the facts exempting them from liability. The non-delivery of the box is *prima facie* evidence of negligence. Angell on Carriers, § 202. But loss of the door to a car containing freight, unexplained, would seem clearly to indicate negligence ; and no notice or contract can exonerate a common carrier from a liability for loss occasioned by his own negligence or misconduct. *Sager* v. *P. S. & P. Railroad*, 31 Maine, 228. *Railroad Co.* v. *Lockwood*, 17 Wall. (U. S.) 357. *Ohio & Mississippi Railway* v. *Silby*, 17 Am. Rep. 719.

The defendants' liability is fully established. The measure of damage is the value of the goods at the place of delivery. *Perkins* v. *P. S. & P. Railroad*, 47 Maine, 573. 2 Redfield on Rail-

roads, (5th ed.) 198. The plaintiffs show by the records of the court and, by other evidence, that judgments have been rendered against them in the courts of this state for the value of the goods in the box lost by the defendants. We must presume that the damages in those cases were assessed upon legal principles. They will, therefore, with interest, constitute the amount for which judgment must be rendered in favor of these plaintiffs.

*Judgment for the plaintiffs.*

WALTON, DANFORTH, VIRGIN and PETERS, JJ., concurred.
LIBBEY, J., having been of counsel, did not sit.