## Fred T. Evans

### v.

## Orson S. Marden.

*Filed at Ottawa January 15, 1895.*

1. Trial—*short cause calendar — trial lasting more than one hour.* The court is not bound to stop the trial of a cause upon the short cause calendar where more than an hour has been occupied by the trial, but may proceed therewith, although a half day is required to finish it.

2. Appeal—*discretion of trial court not reviewed unless abused.* The exercise of the discretion of the trial court in proceeding with the trial of a cause, placed upon the short cause calendar in good faith, after more than an hour has passed, will not be reviewed on appeal, in the absence of an abuse of discretion.

3. Continuance—*absence of defendant not cause for.* The absence of a defendant whose co-defendant is dismissed by amendment, is not ground for continuance of the cause to procure his testimony, as he is bound to know that such co-defendant may be dismissed at any time during the trial, and should be present if he desires to testify.

4. Same—*sufficiency of affidavit on ground of defendant's absence.* An affidavit for continuance, after amendment dismissing one defendant, that defendant's attorney expects to prove by the remaining defendant, who is absent, that he is not indebted to the plaintiff, and that plaintiff knew, or ought to have known, that all such defendant's transactions with him were had as president of a certain corporation, and not as an individual, is insufficient, as, if plaintiff was employed by such defendant and rendered the services to him, the latter is liable, regardless of what the plaintiff should have known in reference to the capacity in which he was acting.

5. Instructions—*covered by others may be refused.* An instruction fully covered by those given is properly refused.

*Evans v. Marden,* 54 Ill. App. 291, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Elbridge Hanecy, Judge, presiding.

This was an action brought by Orson S. Marden, in the circuit court of Cook county, against Fred T. Evans and the South Dakota Hot Springs Company, to recover for services as manager of the Hotel Evans, at Hot Springs, South Dakota. After the close of the evidence plaintiff dismissed as to the Hot Springs Company, and the jury returned a verdict against Fred T. Evans for $1099.95, upon which the court entered a judgment. The defendant appealed to the Appellate Court, where the judgment was affirmed.

HENRY W. MAGEE, and LYNN HELM, for appellant.

WEIGLEY, BULKLEY & GRAY, for appellee.

CRAIG, J.: This case was placed on the "short cause calendar," and after the trial had been in progress more than one hour the defendant entered a motion to strike the case from that calendar, but the court overruled the motion and proceeded with the trial of the case, and that ruling is relied upon as error.

Section 1 of the act providing for a short cause calendar provides: "Upon the plaintiff, his agent or attorney, in any suit at law pending in any court of record, filing an affidavit that he verily believes the trial of said suit will not occupy more than one hour's time, and upon ten days' previous notice to defendant, * * * said suit shall be placed by the clerk upon said short cause calendar." Under this section the case was placed on the short cause calendar. Section 3 of the act provides: "If the trial of any suit which is upon the short cause calendar shall occupy more than one hour's time, the court may, in its discretion, stop the trial, take the case from the jury and continue it, and the suit shall go to the foot of the docket." Under this provision of the statute it is claimed that after one hour had been consumed in the

trial and it was not finished, the court should have stricken the case from the calendar.

It will be observed that where the trial occupies more than one hour's time, the court then has a discretion to proceed with or stop the trial, as it may, in view of all the surrounding circumstances, think best, and where there has been no abuse of discretion the action of the court will be sustained. It is often a very difficult matter to tell in advance how much time will be consumed in the trial of a cause, and where it appears to the court that a case has been placed on the docket in perfect good faith, under an honest belief that not more than one hour will be consumed in the trial, it would not be justified in stopping the trial at the close of an hour, although it might require two or three hours more to finish. Here, so far as appears, the case was placed on the calendar in good faith, and we do not think there was any abuse of discretion, although it turned out, in the end, that a half day was required to try the cause.

After the cause was dismissed as to the Hot Springs Company, the defendant, Evans, entered a motion for a continuance, on the ground of surprise by the amendment. The court overruled the motion, and this ruling is relied upon as error.

Section 25 of the Practice act provides: "No amendment shall be cause for continuance unless the party affected thereby, or his agent or attorney, shall make affidavit that in consequence thereof he is unprepared to proceed to or with the trial of the cause at that term, stating in such affidavit what particular fact or facts the party expects to prove by such evidence, and that he verily believes that if the cause is continued he will be able to procure the same by the next term of the court."

In support of the motion for a continuance the appellant's attorney filed his affidavit, in which he stated that he was unprepared "to proceed to or with the trial of the

cause at this term of court, by reason of his inability to now obtain the testimony of the defendant, Fred T. Evans, upon the present trial of this cause; that he expects to prove by the evidence of Fred T. Evans, the defendant, that the said defendant is not indebted in any sum whatsoever to the plaintiff; that the plaintiff knew, or ought to have known, that all his transactions in reference to the Hotel Evans with the plaintiff were made by him as president of the hotel company, and not as an individual; that the said plaintiff had access to the hotel books, and knew, or ought to have known, that the said hotel was being operated by the hotel company and was owned by them, and was not owned or operated by this defendant as an individual. Affiant further says, that as attorney for the said defendant, Fred T. Evans, he has tried this cause upon the belief that no valid judgment could be obtained against the said Fred T. Evans, and the said South Dakota Hot Springs Company, jointly, by reason of the statements to affiant that there was no joint liability whatsoever, but that the liability, if any, in this cause, was on the part of the said South Dakota Hot Springs Company."

We do not regard the affidavit sufficient to authorize a continuance. The defendant knew, or at least he was bound to know, that plaintiff was liable, at any time during the trial, to amend and dismiss his co-defendant out of the case, and in that event, if he desired to testify in the case, he ought to have been present at the trial. Moreover, the fact set out in the affidavit which the attorney of plaintiff expected to prove, namely, "that plaintiff knew, or ought to have known, that all his transactions in reference to the Hotel Evans with the plaintiff were made by him as president of the hotel company, and not as an individual," was not the statement of such facts as is required by the statute. If the plaintiff was employed by Fred T. Evans and rendered the services sued

for to him, he was liable to pay for such services, regardless of what the plaintiff ought to have known in reference to the capacity in which Evans was acting.

It is also said in the argument of counsel: "It was one of the issues in the case whether appellant acted as an individual or as president of the company,—in an individual or official capacity,—and if he acted in an official capacity and not as individual, and it was known to appellee, it is clear he was not personally liable." And on this branch of the case it is claimed that the court erred in refusing instructions 5 to 11, asked by the defendant. Upon looking into the record it will be found that the principle contained in the refused instructions was fully given to the jury in defendant's instruction No. 4, as follows:

"The court instructs the jury that if you believe, from the evidence, that the defendant, Fred T. Evans, was acting in the capacity of president of the company, and not as an individual, and that no services were rendered to the said Fred T. Evans as an individual by the plaintiff, nor any agreement to pay therefor by him, then you will find for the defendant."

This instruction so fully covered the question whether the defendant, in securing the services of the plaintiff, acted as an individual or as president of the company, that no necessity whatever existed for giving other instructions on that question.

So far as appears, the judgment of the Appellate Court is correct, and it will be affirmed.

*Judgment affirmed.*