## Lottie T. Morrison, Appellee, v. The Parmelee Company, Appellant.

## Gen. No. 26,247.

1. TRIAL—*when permitting completion of case on short-cause calendar discretionary.* When the trial of a case which has been placed upon the short-cause calendar has continued for more than an hour, it is within the discretion of the court to allow it to continue until its completion.

2. CARRIERS—*what constitutes baggage.* A trunk with its contents was properly considered to be baggage where, with the exception of one or two items of such small value that they can be disregarded, the contents consisted of wearing apparel.

3. CARRIERS—*owner not required to state contents of trunk.* The owner of a trunk is not bound to disclose its contents to a transfer company unless inquiry is made upon the subject.

4. CARRIERS—*transfer company's duty to carry and deliver baggage.* A transfer company to which a trunk was given for transfer from one depot to another was, in the absence of some fraud practiced by the owner, bound to carry and deliver it safely, with its contents, and was answerable for whatever loss was sustained while the trunk was in its possession.

5. CARRIERS—*effect of limitation of liability on back of baggage check.* A provision printed on the back of a check given to the owner of a trunk by a transfer company engaged to carry the trunk from one depot to another, that the owner cannot recover any amount in excess of $100 is a violation of section 1 of the statute of Illinois upon the subject of common carriers (Cahill's Ill. St. ch. 27, ¶ 1) and will not preclude the owner from recovering the value of the trunk and its contents.

6. CARRIERS—*transfer company as common carrier.* A baggage transfer company engaged in carrying baggage between depots in a city is a common carrier.

7. CARRIERS—*validity of statute prohibiting limitation of liability for safe delivery of property.* Section 1 of the statute of Illinois (Cahill's Ill. St. ch. 27, ¶ 1), prohibiting a limitation by a common carrier upon its liability for the safe delivery of property, is not in conflict with the provisions of the Carmack amendment of the Interstate Commerce Act as applied to the transfer of baggage from one depot to another within the City of Chicago.

Morrison v. The Parmelee Co., 222 Ill. App. 90.

Appeal from the Municipal Court of Chicago; the Hon. JOSEPH S. LA BUY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1920. Affirmed. Opinion filed October 4, 1921.

HOMER K. GALPIN and SAMUEL G. HAMBLEN, for appellant.

EDWARD N. SHERBURNE, for appellee; JOHN R. McCABE, of counsel.

MR. JUSTICE MORRILL delivered the opinion of the court.

Suit was brought by appellee, who was the plaintiff in the municipal court, to recover from the defendant the value of a certain trunk and its contents, which were delivered by plaintiff to defendant on January 3, 1920, for transportation from one railroad station to another, both stations being in Chicago. Defendant failed to deliver said trunk and contents at the directed destination, by means whereof the same were lost to the plaintiff. The affidavit of merits does not dispute the delivery of the trunk to defendant, but alleges, in substance, that plaintiff cannot recover for certain articles of wearing apparel therein belonging to her husband; denies that the contents of the trunk or their value were as set forth in the statement of claim; alleges that said contents were represented by plaintiff to consist of baggage only, and also that the value of the same was not in excess of $100, and further alleges that plaintiff is precluded from recovery by means of her alleged misrepresentations as to the contents of the trunk and their value.

The case was placed upon the short-cause calendar of the municipal court. There was a jury trial, resulting in a verdict of $730 and costs in favor of the plaintiff, on which judgment was entered after the denial of motions for a new trial and in arrest of judgment.

The evidence shows that on January 3, 1920, plaintiff had traveled from Virginia, Illinois, to Chicago on the Chicago & Alton Railroad; that the railroad company had transported her trunk and had issued to her the usual check for the same. Upon her arrival at the Chicago & Alton station in Chicago she employed the defendant to transport the trunk from that station to the Chicago & Northwestern station in Chicago and delivered to defendant her railroad check, receiving therefor defendant's check for the trunk. Upon the back of the check issued by defendant was a printed receipt stating, in substance, that the check was given as a receipt for the article of baggage offered by the plaintiff for transportation by defendant upon the representation, express or implied, and the understanding that said article of baggage does not exceed $100 in value and contains no other property than such personal effects known as passengers' ordinary railroad baggage, and if any other property is therein contained or comes therewith into the possession of defendant, its liability therefor shall be limited to that of an involuntary bailee, being for wilful negligence only. Plaintiff paid to defendant its charges for the services required. The trunk was never delivered at the Chicago & Northwestern station but was lost. The evidence further shows that the contents of the trunk were substantially as set forth in the statement of claim and that the value thereof was considerably in excess of the amount of the judgment. With the exception of one or two unimportant items of little value, the contents of the trunk consisted of wearing apparel of plaintiff and her husband. The value of the trunk and *plaintiff's* wearing apparel was shown by the evidence to be in excess of the amount of the judgment. No objection is made as to the value placed upon the respective articles.

It is urged as one of the grounds for reversal that the trial court erred in not striking the case from the

short-cause calendar after the trial had continued for more than an hour. It has been held repeatedly that the court is not bound to stop the trial of a case upon the short-cause calendar when the same has continued for more than an hour and that it is within the discretion of the court to allow the trial to continue until its completion. *Evans v. Marden,* 154 Ill. 443; *Griesheimer v. Meyers,* 89 Ill. App. 665. Whatever objections there may have been to the placing of the case upon the short-cause calendar are not shown by the record to have been made in apt time. *McDonald v. People,* 123 Ill. App. 346. While we disapprove of the practice of placing and trying upon the short-cause calendar cases requiring several hours for their trial, yet there does not seem to have been such an abuse of discretion on the part of the trial court in this case as would warrant a reversal on that ground.

It is also urged by appellant that the trunk and its contents were not baggage within the accepted meaning of the term, but no specification is furnished by appellant as to what items of trunk and contents cannot be so regarded. As already stated, with the exception of one or two items, whose small value can be disregarded, the contents of the trunk consisted of wearing apparel, all of which have been held to be baggage by the authorities cited in appellant's brief. *Davis v. Michigan Southern & N. I. R. Co.,* 22 Ill. 278.

Another ground upon which a reversal is urged is based upon the theory that plaintiff owed some duty to the defendant to disclose the fact that the trunk, in addition to her own wearing apparel, contained some articles of wearing apparel belonging to her husband and a few other articles which, although not included in the term "wearing apparel," are of a character frequently carried in the trunk of a traveler. The value of the articles of the last-named character was so slight that they were probably disregarded by

the jury in rendering the verdict. It does not appear that their value was included in the amount of the verdict. This renders it unnecessary to discuss in detail whether or not those articles can properly be considered as baggage. We do not consider that in her transaction with the defendant the owner of the trunk was bound, in the first instance, to disclose its contents unless inquiry was made of her upon that subject. *Michigan Cent. R. Co. v. Carrow*, 73 Ill. 348. The defendant was answerable for whatever loss was sustained while the trunk was in its possession. The law required the defendant to carry the trunk safely and deliver it with its contents, which the defendant failed to do. There can be no exception to the rule unless the owner practiced some fraud upon the defendant with reference to the trunk and its contents. *Parmelee v. Lowitz*, 74 Ill. 116. No such fraud is apparent in the case at bar.

It is also contended by appellant that the acceptance of the check of the Parmelee Company containing the receipt printed upon its back precluded the plaintiff from recovering any amount whatever in excess of $100. Such a construction of the transaction in question would be a palpable violation of section 1 of the statute of Illinois upon the subject of common carriers, which provides that "whenever any property is received by a common carrier to be transported from one place to another within or without this State, it shall not be lawful for such carrier to limit his common-law liability safely to deliver such property at the place to which the same is to be transported, by any stipulation or limitation expressed in the receipt given for such property." (Cahill's Ill. St. ch. 27, ¶ 1.) There is no question but that the defendant is a common carrier, which is defined to be "one who undertakes for hire or reward to transport from place to place the goods of those who choose to employ him." 6 Amer. & Eng. Encyc. of Law 237. The same

authority also holds that ordinary carriers and expressmen engaged in carrying freight to and from a depot between places in the same locality are common carriers. *Hastings Exp. Co. v. City of Chicago,* 135 Ill. App. 268. The defendant was employed to transport the trunk from one point to another, both in the City of Chicago, and the mere fact that it has seen fit to print upon the back of its check delivered to the plaintiff a stipulation contrary to the law of this State will not preclude plaintiff from recovering the value of the trunk and its contents.

But it is urged by appellant that the statute above mentioned is contrary to the provisions of the Carmack amendment to the Interstate Commerce Act, which supersedes all State legislation. This is doubtless true in a case arising under the Interstate Commerce Act and it is the accepted law that under the provisions of that act a limitation as to the value of goods transported of the character printed upon defendant's claim check will be sustained. *Boston & M. R. R. v. Hooker,* 233 U. S. 97. However, we know of no theory under which the defendant in this case can be regarded as an agency of interstate commerce or its liability determined by the provisions of the act relating thereto. The defendant was obligated to transport the trunk from one point to another in the City of Chicago. Its duty was to be performed wholly within the State of Illinois. Doubtless there are circumstances when the defendant in performing such a duty might be regarded as engaged in interstate commerce, but such circumstances are not present in the case at bar. We therefore are of the opinion that the transaction between the parties must be governed by the law of this State.

The remaining grounds urged for a reversal of the case are based upon alleged errors in instructions given and refused by the court. We find no reversible error in that respect. It is also alleged that the de-

fendant was prejudiced by the remarks and conduct of the court and plaintiff and her witnesses and counsel in the presence of the jury. We have carefully examined the record in respect to these matters and do not think that the conduct of which appellant complains was of such a character as would justify a reversal.

The judgment of the municipal court is affirmed.

*Affirmed.*

GRIDLEY, P. J., and BARNES, J., concur.