Stanfield v. Frank Parmelee Co., 223 Ill. App. 199.

## Alice A. Stanfield, Appellee, v. Frank Parmelee Company, Appellant.

### Gen. No. 26,146.

1. CARRIERS—*what is meaning of "baggage."* The word "baggage" has a different meaning when used to describe articles transported in a trunk by a railroad as an incident to the transportation of the owner than it has when used to describe articles transported in a trunk or other receptacle unrelated to the transportation of their owner, by a transportation company for a specified compensation; and though the nature of the articles determines the liability of a railroad, it does not that of a transfer company.

2. CARRIERS—*liability of transfer company for trunk and all its contents notwithstanding limitation of liability.* A transfer company was held liable for a trunk and all its contents, although some of such contents was "baggage" in the restricted sense, and though the owner was silent as to the contents of the trunk, and the receipt recited on its reverse side that it was given upon the express or implied representation that the article of baggage did not exceed $100 in value and contained no other property than personal effects known as passenger's ordinary railroad baggage, and that as to any other property, liability was limited to wilful negligence.

3. CARRIERS—*limitation of liability by transfer company.* Under section 1 of the Act on common carriers (Cahill's Ill. St. ch. 27, ¶ 1), providing that a common carrier cannot limit its common-law liability to deliver the property safely, a transfer company could not limit its liability to $100, for the loss of baggage, by recitals on the back of the receipt.

4. APPEAL AND ERROR—*right to question validity of municipal court rule for first time on appeal.* The contention that municipal court rule 9 was unreasonable and contrary to the statute was not considered, where raised for the first time on appeal.

5. CARRIERS—*limitation of liability by transfer company.* Where a transfer company contends that as a common carrier it was engaged in the transportation of "passengers and baggage only," if, as a carrier of goods, where the owner did not become a passenger with such carrier, as was the situation in the case in question where the owner's trunk had been turned over to the company, such carrier was engaged in the business of transporting "baggage only," in its restricted sense, it could not limit its liability as it attempted to do without bringing that fact home to the knowledge of the owner, and there was no implied authority in an agent of the owner to enter into a contract in the owner's behalf providing

for a restricted liability. (per THOMSON, J., specially concurring.)

6.  CARRIERS—*burden of proof when transfer company has attempted to limit liability.* The burden was on the defendant transfer company to establish that plaintiff had knowledge of, and that defendant's liability was intended to be restricted by, recitals on the back of the receipt. (per THOMSON, J., specially concurring.)

7.  CARRIERS—*what proof required of transfer company that has limited its liability.* Even if the owner of a trunk received by a transfer company had assented to the agreement limiting liability to $100, it was incumbent on the company to establish that the loss was not occasioned by its wilful negligence, because the clause limiting liability also provided that if any property other than effects known as passengers' ordinary railroad baggage should be the baggage, its liability therefor should be limited to that of bailee, being for wilful negligence only; and where the company is unable to show how or when the articles were lost, it would only be reasonable to conclude they had been lost through gross negligence or misfeasance. (per THOMSON, J., specially concurring.)

O'CONNOR, P. J., dissenting.

Appeal from the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1920. Reversed and remanded. Opinion filed December 21, 1921.

HOMER K. GALPIN and SAMUEL G. HAMBLEN, for appellant.

ALVIN E. STEIN and MORRIS G. LEONARD, for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court.

The plaintiff, having checked a trunk with the defendant, Frank Parmelee Company, for transfer and delivery from the Polk street station to the St. George Hotel, Chicago, and the defendant having failed to deliver the trunk and its contents, brought suit and recovered judgment in the sum of $1,055.75. This appeal is taken therefrom.

The evidence shows substantially the following: On September 28, 1918, the plaintiff, Alice A. Stanfield, left Kansas City for Chicago on the Santa Fe

Railroad; that she purchased her ticket at the station at Kansas City and there checked a wardrobe trunk to Chicago. At the time she checked the trunk, she paid $1.60 as a charge for excess weight and received a receipt from the railroad for the trunk. She arrived in Chicago Sunday morning, September 29, 1918, and gave her trunk check to one Marks, who was at the station to meet her. She waited at the station until she saw that her trunk had arrived. The next day Marks took her check for her trunk and delivered it to Parmelee's agent at the Englewood station at 63rd street and received in return a cardboard check. He instructed the agent to deliver the trunk at the St. George Hotel, 60th street and Blackstone avenue. Several times during the ensuing week Marks called up the office of the defendant to find out why the trunk had not been delivered and was informed by Barrett, the manager, that it was probably misplaced and "would probably be delivered the following day." When Marks delivered the Santa Fe trunk check to the agent of the Parmelee Company he told the agent that it represented a trunk, told him where to deliver it, but nothing was said about its contents. It is admitted that the trunk was received by the defendant company and was lost or stolen and never delivered to the plaintiff.

The check given by the defendant for the trunk contained on its face the following: "Frank Parmelee Co. (The authorized transfer co.)   Telephones Wabash 1914.   Notice to Passengers.   Claim Your Baggage.   At Re-Check before Boarding Train.   Series 63, 7-14-00." And on the back contained the following:

"Contract—Receipt.

"This check is given as a receipt for the article of baggage offered by the recipient hereof, for transportation by Frank Parmelee Company, upon the representation, express or implied, and the understanding that said article of baggage does not exceed $100.00

in value and contains no other property than such personal effects known as passengers' ordinary railroad baggage, and if any other property is therein contained, or comes therewith into the possession of said company, its liability therefor shall be limited to that of involuntary bailee, being for willful negligence only.

Frank Parmelee Company,
Main office, 111 W. Adams St., Chicago.''

The business of the defendant company was the transfer of passengers and the transfer of trunks, without passengers, from place to place within the City of Chicago for compensation. Barrett, the general baggage agent and general manager of the defendant, testified that the business of the defendant is ''the transportation of passengers and baggage'' from place to place in Chicago; that it transfers boxes if they contain baggage; that its business is confined exclusively to Chicago. The charter of the defendant was not put in evidence.

The plaintiff is a woman accustomed to living well and accustomed to the possession of expensive things in the way of a wardrobe, and as regards all matters of personal property that pertain to personal comfort and dress. She was a singer of some note. Her husband was a judge. She had recently been divorced from her husband, for his fault, and was coming to Chicago, with the intention of giving up her former residence in Kansas City. In the trunk in question she packed practically all her personal belongings. The trunk in question was the largest size wardrobe trunk, made of black fibre, bearing the initials W. S. S., for which the plaintiff paid $125 at a store in Kansas City in 1917. The contents of the trunk and the value of each item are set forth in detail in the testimony of the plaintiff. The articles were as follows: two-piece suit, medallion coat, two evening gowns, three lace dresses, silk suit, serge suit, white silk corded suit, three linen dresses, one white satin skirt, one linen skirt, one cream serge skirt, four waists, eighteen pair

silk hose, thirty handkerchiefs, four pair long gloves, four pair kid gloves, three silk vests, two silk chemises, three camisoles, three pair silk bloomers, three silk petticoats, jersey sweater, Spanish silk shawl, Spanish lace scarf, gold silk embr. scarf, pink embr. scarf, three filet lace table centers, guest pillow cover, filet lace madeira and filet lace collar and cuffs, odd handmade laces, evening slippers, five hats, paradise bird, three pair shoes, French plumes, man's umbrella, one medal—gift from King Edward, twelve towels, waist silk, curios, paper knife and scissors, neck piece and muff, one solid gold mesh bag, one gold card case, one doz. large linen dinner napkins, one-half doz. embr. tea napkins, one large linen table cloth, two silk night dresses, two pair spats, one blue serge suit, one ladies' watch, one lorgnette chain, man's watch, one bar pin with diamonds and sapphires, one diamond locket.

Two witnesses were called on behalf of the plaintiff, each of whom testified concerning the market value of various portions of the contents of the trunk. The defendant called a witness on that subject, one Lebovitz, who had been in the ladies' wearing apparel business. According to the testimony of the plaintiff, added to and corroborated in a large part by the witnesses Saxe and Bachelder, the market value of the contents of the trunk was $7,507.

Certain propositions of law were submitted, some of which were held and some refused. Among the propositions held was one to the effect that "a common carrier of passengers and baggage, as in this case is shown by the evidence, can only be held liable for the loss of baggage and that baggage consists of such articles of necessity and convenience as are usually carried by passengers for their personal use, comfort, instruction, amusement or protection, whilst away from home on a journey, considering their status in life, and that it does not extend to merchandise, jewelry or other articles which are designed for different

purposes, and that regard may, with propriety, be had to the object and length of the journey and the habits and condition in life of the parties.'' The judgment in the sum of $1,055.75, which was entered, was the equivalent of what the trial judge considered to be the market value of the ''baggage,'' that is, such of the contents of the trunk as were in his judgment appropriate to her journey.

Errors and cross errors were assigned. It is contended by counsel for the defendant (1) that the plaintiff's concealment of the contents and of the value thereof was such fraud as to preclude her from recovery; (2) that the contents of the trunk were not baggage; (3) that there was no lawful evidence before the trial court upon which any damages could be allowed; and (4) that under no circumstances would she be entitled to recover in excess of $100.

On the other hand, it is contended by counsel for the plaintiff that the trial court erred in confining the plaintiff's recovery, as a matter of law, to ''baggage'' only, instead of permitting recovery for the loss of the trunk and of its entire contents.

The crucial question in the case is whether the defendant is entitled under the law to restrict its liability to the value of those particular things contained in the trunk which, in matters pertaining to railroad transportation particularly, are considered baggage.

Apparently the earliest case in this State involving the liability of a transfer company for lost baggage is that of *Parmelee v. Fischer,* 22 Ill. 212. In that case Parmelee had received and undertaken to deliver for Fischer a large chest containing certain wearing apparel and also a variety of articles such as, two new feather beds and pillows, ten yards of muslin de laine, one oilcloth table cover, one new double-barreled gun and one set of common dishes, from one depot to another in Chicago. Upon the trial of the case the court instructed the jury as follows: ''If the jury find for

the plaintiff, they will assess the damages for such articles of necessity and convenience as are usually carried by passengers for their personal use and comfort, instruction or amusement or protection, having regard to the object and length of the journey.'' That instruction the Supreme Court sanctioned as the law of the case and cited *Woods v. Devin,* 13 Ill. 746, and *Davis v. Michigan Southern & N. I. R. Co.,* 22 Ill. 278. Although in the *Woods* case the suit was by a passenger against the owner of a steamboat who had contracted to carry the passenger and his baggage, and in the *Davis* case the plaintiff was a passenger who brought suit against the defendant railroad company for lost baggage.

Subsequently, in *Parmelee v. Lowitz,* 74 Ill. 116, the Supreme Court seems definitely to have announced the law applicable to the instant case.

There Frank Parmelee or one of his agents received from a passenger on the Pittsburg, Ft. Wayne & Chicago Railroad while coming to Chicago, a check for the passenger's trunk, in order that the trunk might be carried for hire from the station to his residence. When, however, the trunk was delivered it was found that part of its contents—certain silks in the piece purchased for plaintiff's wife and daughter—had been abstracted, and suit was brought for the value of all the articles lost, including $111 for the silks in the piece. The court held that Frank Parmelee was a common carrier of goods and that the law required him to safely carry and deliver the trunk and its contents to the owner ''unless prevented by the act of God or the public enemies.'' As to the contention in that case, that certain things in the trunk were not ''baggage'' such as is ordinarily carried by passengers— referring to the silks in the piece—the court held that, as the owner of the trunk was not a passenger with Parmelee, and had no contract with him for fare or transportation, ''The relation between carrier and

passenger did not arise or exist between them," and further that, "When the trunk was received, no inquiry was made by appellant as to its contents, and so far as his liability was concerned, it was of no importance whether it contained baggage or merchandise."

Two cases in different divisions of this court may be looked upon as somewhat inconsistent with the *Lowitz* case, *supra*. They are *Cleland v. Frank Parmelee Co.*, 212 Ill. App. 651 (abst.) and *Morrison v. Parmelee Company*, 222 Ill. App. 90. In the *Cleland* case the court held that where a box, which had been packed with wearing apparel, some kitchen utensils and household articles and contained some jewelry, consisting of rings, and which was checked as baggage by the owner as a passenger from Iowa to Chicago over the Rock Island Railroad, and then was turned over by the owner to the Parmelee Company with instructions to deliver the box to the owner's residence, she was not entitled to recover for the jewelry on the ground that there was on her part, in tendering the box containing jewelry for transportation, a fraud in fact. The court in that case considered the facts as coming within some exception to the rule laid down in the *Lowitz* case, *supra*. It would seem, however, as if the *Lowitz* case, involving silks in the piece, which admittedly are not "baggage" and concerning which Lowitz remained silent when he checked his trunk, justifies no such exception.

In the *Morrison* case, *supra*, although the trunk concerning which the question arose was checked by a wife and contained wearing apparel of her husband, the court held that as the amount of the judgment was not greater than the value of the trunk and her wearing apparel alone, which it contained, the judgment should stand; but stated in effect that all the wearing apparel in the trunk was "baggage." Just how a husband's wearing apparel when transported in a trunk, checked by a wife on her railroad ticket, may be con-

sidered to be "baggage," it is difficult to understand. It is true that the *Morrison* case, *supra,* seems to hold, by implication at least, that under such circumstances a recovery is allowed for "baggage" only, yet, as the value of the actual "baggage" in that case equaled the amount of the judgment, it made no difference in the determination of the court whether the contents of the trunk were considered as "baggage" or as ordinary merchandise or freight.

The word "baggage," it will be seen, has two connotations. It means one thing when used to describe articles transported in a trunk by a railroad as an incident to the transportation of their owner, and another thing when used to describe articles transported in a trunk or box or other receptacle unrelated to the transportation of their owner, by a transfer company for a specified compensation. The latter is simply a contract to transfer goods for a charge for that service, the former is a contract to carry a passenger for a fare, and as an incident transport a reasonable amount of travel-necessities and personal conveniences. It follows, therefore, that though the nature of the articles determines the liability of a railroad, it does not that of a transfer company such as the defendant.

The law is otherwise in New York (*Nathan v. Woolverton,* 69 N. Y. Misc. 425, 127 N. Y. Supp. 442), where it is held that a transfer company "cannot be held liable for the loss of merchandise carried in the trunk of a shipper of which the carrier had no knowledge." There it is considered the duty of the owner to inform the transfer company, while in this State, according to the *Lowitz* case, there is no such obligation on the owner. The latter rule seems to be the more reasonable for it may well be assumed that travelers, generally, are not familiar with the nice distinction between railroad baggage on the one hand and ordinary baggage on the other, whereas the transfer company,

conducting its business as a common carrier for private profit and fixing its own charges for its services, if desirous of complete knowledge in order to limit its liability and determine the necessity for making an extra charge, may properly inquire of the owner to any extent it sees fit as to the nature of the property offered for transfer, and then, with its eyes open, act in the matter.

If, as in the *Lowitz* case, *supra*, a transfer company may be held liable for the value of silk piece goods, although it was not told they were part of the contents of a trunk, we see no reason why it should not be held liable for all the articles in the trunk in question in the instant case. The silk piece goods, admittedly, were not "baggage" in the restricted sense, they were personal property just as anything else is that may be placed in a trunk. As to the personal property the plaintiff here put in her trunk, some of it was "baggage" and some of it was not. Then, too, her silence about the contents, any more than the silence of Lowitz in that case, was not a fraud of any kind. The court so held in that case and we so hold here. We are of the opinion that the plaintiff is entitled to recover the value of the trunk and all its contents.

It is contended that the trial judge erred in refusing to hold certain propositions of law, numbered 4, 5, 6, 7, and 9. We cannot agree with that contention. It is true that the defendant undertook by certain text on the back of the "check" to restrict its liability to $100, but section 1 of the State statute on common carriers (Cahill's Ill. St. ch. 27, ¶ 1) provides that a common carrier—which the defendant is—cannot limit its common-law liability to deliver the property safely. *Morrison* case, *supra*. Counsel for the defendant urges, also, that the Carmack Amendment renders section 1, *supra*, void. With that we cannot agree. The defendant was engaged in intrastate and not interstate commerce. The contention that rule 9 of the

municipal court is unreasonable and contrary to the statute is made here for the first time and so will not be considered.

Counsel for the plaintiff urge that judgment be entered here for the full value of the trunk and its contents. We do not feel, however, in view of the many items and the condition of the evidence as to values, and by reason of the fact that we are not helped in any way by the opinion of the trial court as to the value of each of the many items which, according to his conception of the law, he eliminated from consideration, that we would be justified in arbitrarily determining what that value should be.

The judgment therefore, will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

THOMSON, J., specially concurring.

O'CONNOR, P. J., dissenting.

MR. JUSTICE THOMSON specially concurring:

That the defendant is a common carrier, it does not deny. A common carrier of goods is, under the law, an insurer of the safe carriage and delivery of the articles delivered to it for transportation against all losses except such as arise from the acts of God or the public enemy. A common carrier of passengers and their baggage is liable, in case of the loss of the baggage, only for the value of such articles as are held to be baggage, in its restricted sense, namely, such articles of wearing apparel and convenience as a passenger usually carries with him.

Is the plaintiff's trunk to be considered as baggage, in that restricted sense, in the defendant's possession as a carrier? In my opinion it is not. In *Bradley v. Chicago & N. W. Ry. Co.,* 147 Ill. App. 397, this court held that if the individual never becomes a passenger with the carrier, his trunk never becomes "baggage" with that carrier.

But the defendant contends that as a common carrier it was engaged in the transportation of "passengers and baggage only." If as a carrier of goods, where the owner did not become a passenger with such carrier, which was the situation in the case at bar, the carrier was engaged in the business of transporting "baggage only," in its restricted sense, it could not so limit its liability without bringing that fact home to the knowledge of the owner, *Plaff v. Pacific Exp. Co.,* 251 Ill. 243, 248; and there would be no implied authority in an agent of the owner to enter into a contract in the owner's behalf providing for a restricted liability. *Nonotuck Silk Co. v. Adams Exp. Co.,* 256 Ill. 66, 75. Section 1 of chapter 27 of our statutes (Cahill's Ill. St. ch. 27, ¶ 1) provides that whenever any property is received by a common carrier, to be transported from one place to another, within or without this State, it shall not be lawful for such carrier to limit his common-law liability, safely to deliver such property at the place to which the same is to be transported, "by any stipulation or limitation expressed in the receipt given for such property." That this provision of our statute applies to such a transaction as the one involved in the case at bar, there can be no question. The contract between these parties was made the day after the trunk involved had reached the City of Chicago, and called for its transportation from one point to another in said city. Of course, the defendant could make an express contract with the plaintiff, under which it would transport her trunk, under a restricted liability on its part, provided that provision in its contract was brought to her attention and she assented to it, either expressly or by implication. That the defendant apparently realized this is shown by the fact that in its affidavit of merits, it alleged that it was a carrier of *baggage,* "which was well known to the plaintiff." The burden was on the defendant to establish that fact. *Wabash Ry. Co. v. Thomas,* 222 Ill. 337,

It submitted no evidence, either showing or tending to show, that such was the situation.

The plaintiff was entirely justified in presuming that the defendant was a common carrier of goods, with all the liabilities of such a carrier, and in dealing with the defendant as such, and it was not incumbent upon her to say anything to the defendant either as to the contents of her trunk or their value, in the absence of express notice from it to the effect that it was holding itself out as a carrier of "baggage" only. Therefore, her silence on the subject cannot be considered as a fraud or imposition upon the defendant. Such was the holding of the Supreme Court in *Parmelee v. Lowitz*, 74 Ill. 116, referred to in the foregoing opinion. The law cast the duty of inquiry, as to the contents of the trunk and their value, upon the defendant, and the refusal of the trial court to hold the proposition of law, tendered by the plaintiff, to that effect, was error.

Moreover, even on the defendant's own theory of the case, it is impossible to see how it can escape liability for the full value of the plaintiff's trunk and its contents, for even if we assume that the plaintiff assented to the so-called contract, recited in the defendant's receipt, and failed to announce that her goods were of a greater value than that specified in the said receipt, still, that contract itself provides that if the property in question exceeds a specific value, the company's liability to the extent of the full value "shall be limited to that of involuntary bailee, being for wilful negligence only." That the defendant came into possession of the plaintiff's trunk and that it was never delivered to her, is not denied. The defendant, on its theory, having stipulated that it would not be liable for the full value of the trunk and its contents, unless the loss was occasioned by its wilful negligence, it was incumbent upon the defendant to establish that such loss was not occasioned by its wilful negligence. There is no evidence in the record to account for the disappear-

ance of the trunk, except some evidence which the trial court struck out, but which, in my opinion, was competent. It was to the effect that the plaintiff's agent had been advised by one of the defendant's servants that the trunk in question had been stolen.

As early as *Adams Exp. Co. v. Haynes*, 42 Ill. 89, our Supreme Court said that "where a common carrier receives goods for transportation under a restricted liability, and they have been lost, and the carrier is unable to show how or when they were lost, it would only be reasonable to conclude they had been lost through gross negligence or misfeasance." The same rule was laid down in *Little v. Boston & M. Ry.*, 66 Me. 239; *Camden & A. Rd. Co. v. Baldauf*, 16 Pa. St. 67; *American Exp. Co. v. Sands*, 55 Pa. St. 140. There is a similar rule in every case of bailment. In *Funkhouser v. Wagner*, 62 Ill. 59, it was held that where goods are placed in the hands of a bailee, and are not returned, the law will presume negligence on the part of the latter, and impose upon him the burden of showing that he exercised such care as was required by the bailment. This court has recently had occasion to refer to that rule in *Sablotny v. Illinois Interior Finish Co.*, 221 Ill. App. 653 (abst.). The situation is not changed because the bailee happens to be a carrier which has a contract with the bailor, limiting its liability as an insurer, and providing that it shall be liable to the extent of the full value of the goods lost, only in case that loss is occasioned by its gross negligence.

If, therefore, the defendant is to be considered an involuntary bailee of the goods in question as provided in its receipt, and if we are to consider that it has stipulated that it shall not be liable for the full value of the goods unless the loss has been occasioned by its wilful negligence, applying the general rule as to burden of proof in bailment cases, it must be held that such burden is upon the defendant to establish that the loss was not occasioned by defendant's wilful

negligence. Having failed to meet that burden, it cannot escape liability for the full value of the goods lost.

MR. PRESIDING JUSTICE O'CONNOR dissenting:

In my opinion the facts in this case, under the law, limit defendant's liability to the loss of plaintiff's "baggage" only and not to the entire contents of the trunk.

When plaintiff gave to defendant the check she had received from the railroad company for the trunk and in return received from defendant its check for the same, there being no explanation by plaintiff, it was tantamount to a representation that the trunk contained ordinary baggage, and when it subsequently appeared that the trunk contained a great deal more than "baggage" it was a fraud upon defendant which would relieve it from liability for the loss of any of plaintiff's property other than baggage. *Morrison v. Parmelee Co.*, 222 Ill. App. 90; *Cleland v. Frank Parmelee Co.*, 212 Ill. App. 651 (abst.); *Nathan v. Woolverton*, 69 N. Y. Misc. 425, 127 N. Y. Supp. 442; same case affirmed without opinion (1911), 147 N. Y. App. Div. 908, 131 N. Y. Supp. 1130 mem. dec. See also note, p. 1203, L. R. A. 1916D; *Parmelee v. Lowitz*, 74 Ill. 116.